UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS R. GANUS,

    Plaintiff,

v.       CAUSE NO.: 3:18-CV-928-RLM-JEM

ROBERT E. CARTER, JR., et al.,

    Defendants.

OPINION AND ORDER

Thomas R. Ganus, a prisoner without a lawyer, filed an amended complaint alleging that, while housed at the Indiana State Prison, he was unable to file a petition for transfer in his criminal case due to restricted access to the law library and legal research, and that he was retaliated against for filing grievances regarding his lack of law library access. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Ganus asks the court to certify this case as a class action. It would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d

1405, 1407 (4th Cir. 1975); see also Hagan v. Rogers, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Mr. Ganus can only represent himself on his own claims.

Mr. Ganus has sued eight defendants: Commissioner Robert E. Carter, Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, Corrections Lieutenant Pauline Williams, Law Library Supervisor Bessie Leonard, Law Library Supervisor Kimberly Creasy, and Law Library Supervisor Erin Jones. Mr. Ganus alleges that he received a letter from the attorney handling his direct criminal appeal on February 7, 2018. The letter explained that the attorney would no longer be representing Mr. Ganus and that, if he was to file a petition for transfer with the Indiana Supreme Court, he would need to do so *pro se* or hire other counsel. Mr. Ganus couldn't afford another attorney, so he planned to file the petition for transfer *pro se*. Under the Indiana Rules of Appellate Procedure, Mr. Ganus had 30 days to file the petition for transfer. *See* Ind. R. App. P. 57(C). Mr. Ganus showed Ms. Creasy the letter, explained that he was no longer represented, and asked for law library access so that he could timely file his petition for transfer. Ms. Creasy insisted that Mr. Ganus was represented by an attorney and so had no right to law library access.

Ms. Creasy further indicated that, even if Mr. Ganus weren't represented by counsel, he wasn't entitled to law library access consistent with meeting a deadline because he didn't have an order signed by a judge setting a deadline. In other words, as Mr. Ganus tells it, Ms. Creasy failed to recognize that the deadline for the filing of a petition for transfer was established by the Indiana Rules of Appellate Procedure, not by a court order. Mr. Ganus was scheduled to attend the law library on only two occasions in February and March of 2018 for about three hours each. He also sought assistance from staff in preparing the petition for transfer, but got no help. As a result, he couldn't file his petition for transfer in a timely manner, and so failed to exhaust the claims raised in his direct appeal in the state courts.

Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). The First Amendment right to petition and the Fourteenth Amendment right to substantive due process protect the right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law)

3

hindered the inmate's efforts to pursue a non-frivolous legal claim, <u>Nance v. Vieregge</u>, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* didn't eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. <u>Marshall v. Knight</u>, 445 F.3d 965, 968 (7th Cir. 2006). Mr. Ganus hasn't provided any information about the claims he wanted to present to the Indiana Supreme Court. He can't proceed on an access to courts claim unless he can show that those claims were potentially meritorious. Thus, he won't be permitted to proceed on his claims that Warden Ron Neal, Mark Newkirk, Marion Thatcher, Kimberly Creasy, and Erin Jones each denied him access to a court.

Mr. Ganus further alleges that Commissioner Carter maintained policies that resulted in inadequate law library access and deprived him of his right to access the courts. This amounts to a suit against Commissioner Carter in his official capacity, but he can't sue Commissioner Carter in his official capacity for money damages because "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." <u>Will v. Michigan Dep't</u>

of State Police, 491 U.S. 58, 71 (1989) (citations omitted). The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action for which Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply to this case. Congress didn't abrogate the States' immunity through the enactment of Section 1983. Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). Indiana hasn't consented to this suit. Because the State is immune from suit pursuant to the Eleventh Amendment, Mr. Ganus can't sue Commissioner Carter in his official capacity.

Likewise, Mr. Ganus can't proceed on a claim that Warden Ron Neal, Mark Newkirk, Bessie Leonard, or Marion Thatcher failed to properly train[1] and supervise Law Library Staff, because he hasn't alleged a constitutional violation caused by the alleged failure to train and supervise. Similarly, because Mr. Ganus hasn't alleged a constitutional violation, he can't demonstrate that

---

[1] In addition, the failure to train claim fails because "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994).

5

Warden Ron Neal, Mark Newkirk, Marion Thatcher and Pauline Williams caused that violation by failing to provide adequate staff to operate the law library.

Mr. Ganus also alleges that he filed complaints and grievances against Kimberly Creasy and Erin Jones for the denial of law library access, and that in response to those complaints, Kimberly Creasy and Erin Jones retaliated by continuing to deny Mr. Ganus the law library access he needed to file his petition for transfer. "To prevail on his First Amendment retaliation claim, [Mr. Ganus] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Ganus alleges that he engaged in protected speech when he filed complaints and grievances, and Ms. Creasy and Ms. Jones denied Mr. Ganus the law library access he needed to timely file a petition for transfer because he filed those complaints. He has adequately pled his retaliation claim.

Lastly, Mr. Ganus filed a motion (ECF 9) seeking a status update. If Mr. Ganus wants to know the status of his case, he may write the clerk a letter requesting a docket sheet. A motion is unnecessary.

For these reasons, the court:

(1) DENIES Thomas R. Ganus' motion for a status update (ECF 9);

(2) GRANTS Thomas R. Ganus leave to proceed against Kimberly Creasy and Erin Jones in their individual capacities for compensatory and punitive

damages for retaliating against him by restricting law library access necessary to file a petition for transfer within the time allowed, in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Robert E. Carter, Ron Neal, Mark Newkirk, Marion Thatcher, Pauline Williams, and Bessie Leonard from this case;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Kimberly Creasy and Erin Jones with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d) at the Indiana Department of Corrections; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Kimberly Creasy and Erin Jones to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 4, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT