## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

SCANNED at ISP and Emailed on
11-20-18 by ___
(date)          (initials)   (num) pages

THOMAS R. GANUS on his own behalf and )
on behalf of a class of those similarly situated, )
                               )
        Plaintiff,                  )
                               )
v.                                  ) Cause No. 3:18-cv-928
                               )
ROBERT E. CARTER, JR. Commissioner of the Indiana )
Department of Correction, )
RON NEAL, Warden, )
MARK NEWKIRK, Executive Assistant, )
MARION THATCHER, Unit Team Manager, )
PAULINE WILLIAMS, Corrections Lieutenant )
BESSIE LEONARD, Law Library Supervisor, ) **COMPLAINT-CLASS ACTION**
KIMBERLY CREASY, Law Library Supervisor, and )
ERIN JONES, Law Library Supervisor, ) **DEMAND FOR JURY TRIAL**
                             )
        Defendants.               )

**Proposed Class Action Complaint for Injunctive and Declaratory Relief and Individual
Claims for Injunctive and Declaratory Relief and Damages**

## I. INTRODUCTION

1.     This action is brought by Plaintiff, Thomas R. Ganus ("Plaintiff"), an Indiana

prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint arises from the Commissioner of the

Indiana Department of Correction, Robert E. Carter, Jr. ("Defendant Carter"), through Indiana

State Prison Warden, Ron Neal ("Defendant Neal"), and subordinate Defendants' actions in

creating, implementing, enforcing and condoning numerous unconstitutional expressed or implied

unwritten policies and practices in denying Plaintiff access to the courts with an adequate prison

law library. The acts or omissions by the Defendant's violates the rights of Plaintiff, Thomas R.

Ganus, and the putative class under the First and Fourteenth Amendments to the United States

1

Constitution and laws of the United States. Injunctive and corresponding declaratory relief is requested. This claim is raised in Count 1 of this Complaint.

2.    This is an action challenging expressed or implied unwritten policies and practices not reflected in the Indiana Department of Correction's ("IDOC") Administrative Policy #00-02-102, "Offender Access to the Court," and has been created and/or implemented without notice by Defendant Carter and enforced and condoned by Defendant Neal, having the force of law that subjects prisoners to a denial to access the courts. The Plaintiff asks, in his individual capacity, for injunctive and declaratory relief against the Indiana Department of Correction and compensatory, nominal and punitive damages against all other named Defendants in Counts 2-6 of this Complaint.

## II. JURISDICTION

3.    This Complaint seeks, *inter alia*, damages pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

4.    Jurisdiction is founded on 28 U.S.C. § 1331 and § 1334.

5.    Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff's claims for injunctive relief are authorized by 18 U.S.C. § 3626.

7.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

8.    The acts or omissions giving rise to Plaintiff's claims arose in La Porte County, Indiana. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court, Northern District of Indiana, South Bend Division.

## IV. **PLAINTIFF**

9.     Plaintiff, Thomas R. Ganus, is an adult and is a prisoner of the State of Indiana in the custody of the Indiana Department of Correction. At all times relevant in this Complaint the Plaintiff was a United States citizen and is currently confined in the Indiana State Prison/Outside minimum security unit located at 201 Woodlawn Avenue, Michigan City, Indiana, 46360.

## V. **DEFENDANTS**

10.     Defendant Robert E. Carter, Jr. is the Commissioner of the Indiana Department of Correction and is duly appointed to oversee the operations of said entity and is sued in his official capacity for injunctive relief pursuant to Federal Rules of Procedure 17(a).

11.     Defendant Ron Neal is the Warden at the Indiana State Prison and is ultimately responsible for providing adequate staff, oversight and daily operations of the law libraries and training of law library supervisors and/or law library replacements. Defendant Ron Neal is sued in both his official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive damages.

12.     Defendant Mark Newkirk is the Executive Assistant at the Indiana State Prison and is responsible for responsible for providing adequate staff, oversight and daily operations of the law libraries and training of law library supervisors and/or law library replacements at the Indiana State Prison. Defendant Mark Newkirk is sued in both his official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive damages.

13.     Defendant Bessie Leonard is a Law Library Supervisor at the Indiana State Prison and is responsible for the oversight and daily operations of the law libraries and training of law library supervisors and/or law library replacements at the Indiana State Prison. Defendant Bessie

3

Leonard is sued in both her official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive damages.

14.    Defendant Marion Thatcher is the Unit Team Manager at the Indiana State Prison and is responsible for responsible for providing adequate staff, oversight and daily operations of the law libraries and training of law library supervisors and/or law library replacements at the Indiana State Prison. Defendant Marion Thatcher is sued in both his official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive damages.

15.    Defendant Pauline Williams is a Corrections Lieutenant at the Indiana State Prison and is responsible for providing adequate corrections staff to operate the law library and oversight of subordinate corrections officers at the Indiana State Prison. Defendant Pamela Williams is sued in both her official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive damages.

16.    Defendant Kimberly Creasy is a Law Library Supervisor at the Indiana State Prison and is responsible for the oversight and daily operations of the law library and training of other law library supervisors and/or law library replacements. Defendant Kimberly Creasy is sued in both her official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive damages.

17.    Defendant Erin Jones (formerly Erin Esposito) is a Law Library Supervisor at the Indiana State Prison at the Indiana State Prison and is responsible for the oversight and daily operations of the law library and training of other law library supervisors and/or law library replacements. Defendant Erin Jones is sued in both her official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive damages.

18.     At all times mentioned in this Complaint, Defendants, and all of them, were acting under the color of state law.

**Legal Background**

19.     Under *Indiana Code* § 11-11-7-1, "Reasonable Access to be Afforded" states:

> (a) The department shall afford a confined person reasonable access to legal materials to enable him to research legal matters and prepare and file legal papers.

**Count 1 – The Challenge to Expressed or Implied Unwritten Policies that Deny Access to the Courts with an Adequate Law Library Pursuant to 42 U.S.C. § 1983 for Plaintiff and the Putative Class against Defendant Carter**

**Class Action Allegations**

20.     Plaintiff, Thomas R. Ganus, brings this action on his own behalf and on the behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

21.     The class is defined as:

> All prisoners confined within the Indiana State Prison minimum security unit, who have identified, or who will identify themselves to Defendant Carter as requiring policies not to violate their right to access the courts to the Plaintiff and those similarly situated in the present and future.

22.     As defined the class meets all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Specifically:

> (a) The class is so numerous that joinder of all members is impractical. At this point the current size of the class is approximately (385) prisoners;
>
> (b) There are questions of law or fact common to the class: Whether Defendant Carter's expressed or implied unwritten policies and practices to deny access to the courts violates the First and Fourteenth Amendments to the United States Constitution and laws of the United States;
>
> (c) The claims of the representative party are typical of those of the class; and

> (d) The representative party will fairly and adequately protect the interest of the class.

23.     The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met in this cause in that Defendants at all times, has acted or has refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

**Factual Allegations**

24.     That the Indiana Department of Correction has an Administrative Policy #00-02-102, "Offender Access to the Court," which outlines the appropriate and necessary procedures in which all IDOC employees are to conduct the law libraries and afford Plaintiff access to the courts.

25.     That Defendant Carter has created, implemented, enforced and condoned expressed or implied unwritten policies and practices in denying access to the courts in operating an inadequate prison law library.

26.     That these expressed or implied unwritten policies and practices have been recognized at the Indiana State Prison as a custom due to the length of time in usage against prisoners.

27.     That Defendant Carter has determined that these expressed or implied unwritten policies and practices should be enforced within the Indiana State Prison during the operations of the law library.

28.     That Defendant Carter has condoned an "inadequate" prison law library effectively denying access to the courts of Plaintiff and the putative class as a whole.

29.     Under these expressed or implied unwritten policies and practices the Plaintiff and the putative class of prisoners who are similarly situated are routinely subjected to an inadequate law library with the following particulars:

(a) Failure to maintain updated legal books

(b) Failure to maintain a minimum of a collection of legal materials;

(c) Failure to maintain updated legal supplements;

(d) Inadequate computers (4) for offender use to research with offender population of approximately three hundred and eighty-five (385);

(e) Inadequate space, tables and chairs within law library;

(f) Inadequate trained law library clerk(s) to assist offenders in legal matters;

(g) Failure to maintain a copier within law library causing the closing of law library to obtain copies;

(h) Failure to maintain a printer within law library causing the closing of law library to obtain copies;

(i) Inconsistent and inadequately trained law library staff as replacements when law library supervisor is absent;

(j) Failure to maintain a restroom within the law library causing the closing of law library or offenders leaving the law library to access restroom in their assigned housing areas;

(k) Failure to maintain open law library with closings in order that law library supervisor and/or law library staff replacements search corrections officers or other IDOC employees and/or contractors, transport offenders outside of facility, pass out offender commissary, fill vacant positions when short of IDOC staff, use the restroom, print and/or copy legal materials denying offender access;

(l) Failure to timely issue and pass out law library call out passes;

(m) Failure to recognize Indiana Trial and Appellate Rules and Federal Rules of Criminal and Civil Procedure as legal deadlines;

(n) Failure to open law library on holidays that fall on weekdays when appropriate staff are available;

(o) Failure to operate and make available law library within the minimum required hours for operation;

(p) Failure to operate and make available law library in the evening after the offender population's work assignments;

(q) Failure to schedule offenders opposite of their scheduled recreation times;

(u) Failure to allow offenders to purchase and maintain case laws and legal materials in their assigned bed locations;

(r) Failure to allow law library supervisors and/or replacements to access the internet to search, obtain or review offender chronological case summaries from the court's websites;

(s) Failure to allow law library supervisors and/or replacements to search, obtain or review offender chronological case summaries from the court's websites to authenticate an offender's court ordered deadline;

(t) Failure of law library to provide a pager or runner system during prison lockdowns and/or an offender is confined to assigned housing area due to disciplinary reasons;

(u) Failure to provide IDOC policies on hardcopy or computer within the law library;

(v) Failure to provide IDOC updated directives on hard copy or computer within the law library; and

(w) Failure to provide bilingual law library clerks for non-English speaking offenders.

30. That the following particulars as stated above denied Plaintiff and the putative class adequate, effective and meaningful access to the courts.

31. That these expressed or implied unwritten policies and practices, created, implemented, enforced and condoned by Defendant Carter under which Plaintiff and the putative class are subjected denies access to the courts with an adequate prison law library without penological justification on the class as a whole.

32. There is no penological justification to deny access to the courts on Plaintiff and the putative class and has no logical connection to a legitimate penological interest.

33. That Defendant Carter cannot demonstrate that the substantial burden imposed on the Plaintiff and the putative class has a penological justification under the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

34. At all times Defendant Carter acted under the color of state law.

**Legal Claim**

35. Plaintiff, Thomas R. Ganus, restates and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. The acts or omissions of Defendant Carter as alleged herein in the denial to access the courts on the Plaintiff and the putative class were done without penological justification and in violation of the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

**Count 2 – Denied Access to the Courts Pursuant to 42 U.S.C. § 1983 against Defendants Neal, Newkirk, Thatcher, Creasy and Jones**

**Factual Allegations**

37.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff updated legal books and material to properly and timely research legal issues in the law library.

38.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff updated legal supplements to properly and timely research legal issues. The latest supplements in the law library are dated in 2012.

39.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff to an adequate amount of computers (4) to utilize in order to research legal issues with a population of approximately three hundred and eighty-five (385) offenders causing long waiting periods and congestion to scheduling, and severely limiting and interfering with Plaintiff's time spent in the law library to properly research and prepare legal documents.

40.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones failed to provide Plaintiff to an adequate amount of space with approximately (16' wide x 27' long) in the law library which also includes the general library for offender use causing congestion, and severely limiting and interfering with Plaintiff's time spent in the law library to properly research and prepare legal documents.

41.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones Defendants denied Plaintiff to an adequate amount of tables (2) and chairs (4) to utilize to research legal issues with an offender population of approximately three hundred and eighty-five (385) offenders causing congestion, and severely limiting and interfering with Plaintiff's time spent in the law library to properly research and prepare legal documents.

42.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff access to any law library clerk(s) or properly trained law library clerks with paralegal degrees or proper training in legal instruction or legal research courses concerning the Constitution of the United States, the Constitution of Indiana, state or federal law, civil litigation, torts, or procedures with which to challenge his conviction.

43.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff access to a photo copier in the law library which causes Defendants Creasy and Jones to close the law library during the scheduled time for Plaintiff to attend the law library in order to retrieve legal copies from another area of the prison severely limiting and interfering with Plaintiff's time spent in the law library.

44.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff access to a printer in the law library which causes Defendants Creasy and Jones to close the law library during the scheduled time for Plaintiff to attend the law library in order to retrieve legal copies from another area of the prison severely limiting and interfering with Plaintiff's time spent in the law library.

45.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff access to a restroom in the law library which causes Defendants Creasy and Jones to close the law library during the scheduled time for Plaintiff to attend the law library in order to use the restroom located in another area of the prison severely limiting and interfering with Plaintiff's time spent in the law library.

46.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff access to a restroom in the law library which causes Plaintiff to leave the law library to use the restroom

in his assigned dormitory located in another area of the prison severely limiting and interfering with Plaintiff's time spent in the law library.

47. That when it is necessary for Plaintiff to access the restroom he is required to wait to enter his assigned dormitory due to an expressed or implied policy that requires corrections officers to only allow Plaintiff to enter his assigned dormitory every half (1/2) an hour during scheduled recreation times which is scheduled during the times in attendance to the law library further severely limiting and interfering with Plaintiff's time spent in the law library.

48. That after Plaintiff enters his assigned dormitory to use the restroom the Defendants have an expressed or implied policy that disallows Plaintiff to leave his dormitory until the next line movement every half (1/2) an hour during scheduled recreation times which is scheduled during the times in attendance to the law library further severely limiting and interfering with Plaintiff's time spent in the law library.

49. That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff to adequate law library staff replacements to open and operate the law library if Defendants Creasy and Jones are absent severely limiting and interfering with Plaintiff's access to the courts and law library.

50. That Defendants Neal, Newkirk, Thatcher, Creasy and Jones close the law library in order to search corrections officers or other IDOC employees and/or contractors entering the prison, transport offenders outside of the prison to the medical department, help with passing out offender commissary all during scheduled times to attend the law library, fill vacant positions when short of IDOC employees severely limiting and interfering with Plaintiff's time spent in the law library.

51.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff timely issued law library call out passes to place Plaintiff on proper notice to his scheduled time to attend the law library before his job assignment is to begin causing Plaintiff to miss scheduled times in the law library severely limiting and interfering with Plaintiff's time spent in the law library.

52.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones failed to recognize Indiana Trial and Appellate Rules and Federal Rules of Criminal and Civil Procedure as legal deadlines without a signature from a judge on a court Order interfering with Plaintiff's legal matters in order to timely file legal documents with the courts.

53.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff to adequate IDOC staff to open the law library on holidays when Defendants Creasy and Jones are not scheduled to work in the law library during holidays as both are not required to work during the holidays as assigned law library supervisors as other corrections officers and IDOC staff severely limiting and interfering with Plaintiff's time spent in the law library.

54.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones close the law library denying Plaintiff to an adequate amount of hours during the weekdays to attend the law library as Defendants only operate the law library during the hours of (7:30 a.m. – 9:30 a.m.) or (11:30 a.m. – 1:30 p.m.) Monday thru Friday. The law library is closed on the weekends.

55.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones close the law library denying Plaintiff to an adequate amount of hours during the weekday evenings after closing at (1:30 p.m.) allowing the Plaintiff to attend the law library after his job assignment severely limiting and interfering with Plaintiff's time spent in the law library.

56.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones close the law library denying Plaintiff to an adequate amount of hours on the weekends when IDOC employees are

available to open and operate the law library severely limiting and interfering with Plaintiff's time spent in the law library.

57. That Defendants Neal, Newkirk, Thatcher, Creasy and Jones schedule Plaintiff to attend the law library on certain days of the week due to scheduling dormitories on certain designated days due to an inadequate amount of space and computers severely limiting and interfering with Plaintiff's time spent in the law library.

58. That Defendants Neal, Newkirk, Thatcher, Creasy and Jones schedule Plaintiff to attend the law library during his scheduled recreation times forcing Plaintiff to choose between two (2) constitutional rights to either attend the law library and/or recreation severely limiting and interfering with Plaintiff's time spent in the law library and recreation.

59. That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff to purchase and maintain case laws or other legal materials in his assigned bed location due to a claim of being a fire hazard severely limiting Plaintiff's time to research legal issues due to an inadequate law library.

60. That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff's requests to access chronological case summaries from the court's websites in order to timely file motions before the courts in accordance with Indiana Trial and Appellate Rules and Federal Rules of Criminal and Civil Procedure as other Indiana prisons. The Defendant's legal mail is *not* immediately delivered to him after it is received at the prison because Intelligence Investigations Unit investigators must examine and deliver the Defendant's legal mail causing a delay due to a newly implemented policy to detect illegal substances from entering the prison. Therefore, access to the court's websites is needed to timely file motions with the courts.

61.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff to a law library "pager" or "runner system" denying Plaintiff access to the courts when prison officials place the prison on lockdown status or Plaintiff is confined to his assigned dormitory due to disciplinary reasons.

62.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones denied Plaintiff's legal documents in the law library for prompt mailing to the courts and require the Plaintiff to provide his legal documents for mailing to his assigned case manager which causes delay in mailing due to scheduled time frames in which Plaintiff may be authorized to be seen by his assigned case manager.

63.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones failed to maintain accurate logs or documentation to the dates in which Plaintiff mails his legal documents to the courts risking a violation to the three (3) day "mailbox" rule under *Dowell v. State*.

64.     That these expressed or implied unwritten policies and practices, created, implemented, enforced and condoned by Defendants Neal, Newkirk, Thatcher, Creasy and Jones under which Plaintiff is subjected denies Plaintiff access to the courts.

65.     There is no penological justification to deny Plaintiff to access the courts and has no logical connection to a legitimate penological interest.

66.     That Defendants Neal, Newkirk, Thatcher, Creasy and Jones cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

67.     At all times Defendants Neal, Newkirk, Thatcher, Creasy and Jones acted under the color of state law.

**Legal Claim**

68.     Plaintiff, Thomas R. Ganus, restates and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69.     The acts or omissions of Defendants Neal, Newkirk, Thatcher, Creasy and Jones as alleged herein in knowingly and intentionally denying Plaintiff access to the courts with an adequate law library is in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

## Count 3 – Failure to Properly Train and Supervise Law Library Staff Pursuant to 42 U.S.C. § 1983 against Defendants Neal, Newkirk, Leonard and Thatcher

**Factual Allegations**

70.     That Defendants Neal, Newkirk, Leonard and Thatcher failed to properly train and supervise Defendants Creasy and Jones and/or law library staff replacements in the constitutional requirements when operating an adequate law library.

71.     That Defendants Neal, Newkirk, Leonard and Thatcher failed to properly train and supervise Defendants Creasy and Jones and/or law library replacements in the constitutional requirements when operating an adequate law library due to a lack of proper legal training with necessary paralegal degrees, legal instruction, legal research courses and law library clerks concerning the Constitution of the United States, the Constitution of Indiana, state or federal law, civil litigation, torts, or preparation in assisting in filing meaningful legal documents with which comply with constitutional standards.

72.     That these expressed or implied unwritten policies and practices, created, implemented, enforced and condoned by Defendants Neal, Newkirk, Leonard and Thatcher under which Plaintiff is subjected denies Plaintiff access to the courts.

73. There is no penological justification to deny Plaintiff to access the courts and has no logical connection to a legitimate penological interest.

74. That Defendants Neal, Newkirk, Leonard and Thatcher cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

75. At all times Defendants Neal, Newkirk, Leonard and Thatcher acted under the color of state law.

**Legal Claim**

76. Plaintiff, Thomas R. Ganus, restates and incorporates by reference paragraphs 1 through 75 as though fully set forth herein.

77. The acts or omissions of Defendants Neal, Newkirk, Leonard and Thatcher as alleged herein in knowingly and intentionally denying Plaintiff access to the courts with adequately trained and supervised law library staff is in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

## Count 4 – Failure to Provide Adequate Staff to Operate the Law Library Pursuant to 42 U.S.C. § 1983 against Defendants Neal, Newkirk and Thatcher and Williams

**Factual Allegations**

78. That Defendants Neal, Newkirk, Thatcher and Williams denied Plaintiff adequate staffing to corrections officers and/or other qualified IDOC staff to oversee and operate the law library when Defendants Creasy and Jones close the law library in order to retrieve legal copies or use the restroom severely limiting and interfering with Plaintiff's time spent in the law library.

79. That Defendants Neal, Newkirk, Thatcher and Williams denied Plaintiff adequate staffing to corrections officers and/or other qualified IDOC staff as replacements to oversee and

operate the law library when Defendants Creasy and Jones are absent severely limiting and interfering with Plaintiff's time spent in the law library.

80.     That these expressed or implied unwritten policies and practices, created, implemented, enforced and condoned by Defendants Neal, Newkirk, Thatcher and Williams under which Plaintiff is subjected denies Plaintiff access to the courts.

81.     There is no penological justification to deny Plaintiff to access the courts and has no logical connection to a legitimate penological interest.

82.     That Defendants Neal, Newkirk, Thatcher and Williams cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

83.     At all times Defendants Neal, Newkirk, Thatcher and Williams acted under the color of state law.

**Legal Claim**

84.     Plaintiff, Thomas R. Ganus, restates and incorporates by reference paragraphs 1 through 83 as though fully set forth herein.

85.     The acts or omissions of Defendants Neal, Newkirk, Thatcher and Williams as alleged herein in knowingly and intentionally denying Plaintiff access to the courts with adequate law library staff is in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1.

**Count 5 – Retaliatory Denial of Access to the Courts and Law Library Pursuant to 42 U.S.C. § 1983 for Plaintiff against Defendant Creasy**

**Factual Allegations**

86.     That on or about February 7, 2018, Plaintiff received correspondence dated on February 2, 2018, by his court appointed appellate attorney, Jennifer Koeth that represented

17

Plaintiff in his direct appeal to the Court of Appeals of Indiana under Cause Number 46A03-1707-CR-1559.

87.     That after receiving attorney correspondence, Plaintiff was placed on notice by his court appointed attorney, Jennifer Koeth that she would no longer be representing him any further on appeal as she was only appointed by the Court to represent Plaintiff on direct appeal to the Court of Appeals of Indiana.

88.     That in the attorney correspondence dated on February 2, 2018, Plaintiff was also placed on notice by his attorney, Jennifer Koeth that she would no longer be able to represent him any further on appeal concerning a Petition to Transfer to the Supreme Court of Indiana and that Plaintiff would have to represent himself or hire private counsel.

89.     That Plaintiff is unable to afford private counsel and planned to challenge his conviction with a Petition to Transfer to the Supreme Court of Indiana.

90.     That under Indiana Appellate Rules, Plaintiff/Defendant has thirty (30) days in which to timely file his Petition to Transfer to the Supreme Court of Indiana.

91.     That on February 7, 2018, Plaintiff attended the law library and explained to Defendant Creasy the need to be scheduled to attend the law library in order to timely file his Petition to Transfer to the Supreme Court of Indiana due to no longer being represented by Attorney Jennifer Koeth.

92.     That after showing and explaining the contents of the correspondence dated on February 2, 2018, from Attorney Koeth addressed to Plaintiff, Defendant Creasy dismissed Plaintiff's explanation to a deadline in which to file his Petition to Transfer to the Supreme Court of Indiana as false.

93.     That Defendant Creasy stated to the Plaintiff that he was still being represented by an attorney and, therefore, was not entitled to attendance to the law library, and had no constitutional rights to do so with an attorney.

94.     That Defendant Creasy denied the contents of the attorney correspondence as explained by the Plaintiff and insisted that Plaintiff was being represented by an attorney in his case.

95.     That Defendant Creasy advised Plaintiff that even if he was not being represented by an attorney at that time he was not entitled to be placed on a deadline schedule because he did not possess any court documents with a signature from a judge to a court ordered deadline.

96.     That Defendant Creasy also advised Plaintiff that even if the Indiana Appellate Rules required that Plaintiff file his Petition to Transfer to the Supreme Court of Indiana within thirty (30) days as timely, he was not entitled to be placed on a deadline schedule because he did not possess any court documents with a signature from a judge to a court ordered deadline, and that the law library did not recognize Indiana Appellate Rules as a deadline.

97.     That Plaintiff adamantly explained the need to attend the law library with adequate time to file his Petition to Transfer to the Supreme Court of Indiana within thirty (30) days as he planned to do so.

98.     That Plaintiff also explained the need to scan his direct appeal provided to him by his direct appellate attorney, Jennifer Koeth and transfer the legal material to a law library computer in order to have access to his legal documentation when preparing his Petition to Transfer to the Supreme Court of Indiana to save time in order to meet the deadline in which to file.

99.     That in addition, Defendant requested that Defendant Creasy recover and provide his previous legal material stored on a law library computer that was previously erased by the IOT

technician in or about September of 2017, at the direction of Defendant Newkirk after the departure of Deloris Walker-Cook, former Law Library Supervisor at the Indiana State Prison.

100. That Defendant Creasy became argumentative and advised Plaintiff that eventually she would do so. After several days, Defendant Creasy scanned and placed Plaintiff's previous legal material in his legal files on the law library computer.

101. That during the conversation on February 7, 2018, between Defendant Creasy and Plaintiff in the law library, several offenders were in attendance who overheard Defendant Creasy become argumentative and state that she was not going to schedule the Plaintiff to attend the law library because he had legal representation, was not entitled to be placed on a deadline schedule because he did not possess any court documents with a signature from a judge to a court ordered deadline, and that the law library did not recognize Indiana Appellate Rules as a deadline for an offender.

102. That after Defendant Creasy failed to schedule Plaintiff to attend the law library the Plaintiff filed written complaints and Offender Grievances for not being scheduled to the law library to timely file his Petition to Transfer to the Supreme Court of Indiana and other issues within the law library.

103. That in the month of February 2018, several offenders in attendance at the law library overheard Defendant Creasy ridicule Plaintiff and state that she was not scheduling Plaintiff to attend the law library for filing written complaints and Offender Grievances to prison officials.

104. That in the month of February 2018, several offenders in attendance at the law library overheard Defendant Creasy state that she was not answering any of Plaintiff's written complaints concerning the law library at the direction of Defendants Newkirk and Thatcher.

105.    That during the month of February 2018, Defendant Creasy repeatedly denied Plaintiff to adequate, effective and meaningful access to the law library.

106.    There is no penological justification to deny Plaintiff to access the courts and law library with retaliation and has no logical connection to a legitimate penological interest.

107.    That Defendant Creasy cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First Amendment to the United States Constitution.

108.    At all times Defendant Creasy acted under the color of state law.

**Legal Claim**

109.    Plaintiff, Thomas R. Ganus, restates and incorporates by reference paragraphs 1 through 108 as though fully set forth herein.

110.    The acts or omissions of Defendant Creasy as alleged herein in knowingly and intentionally retaliating against Plaintiff for filing complaints and Offender Grievances denying Plaintiff access to the courts and law library is in violation of Plaintiff's constitutional rights under the First Amendment to the United States Constitution.

### Count 6 – Retaliatory Denial of Access to the Courts and Law Library Pursuant to 42 U.S.C. § 1983 for Plaintiff against Defendant Jones

#### Factual Allegations

111.    That in the month of February of 2018, Defendant Jones (formerly "Erin Esposito") became the new Law Library Supervisor at the Indiana State Prison after Defendant Creasy received a position as a corrections sergeant at the Westville Correctional Facility.

112.    That during the months of February and March 2018, Defendant Jones failed to timely schedule the Plaintiff to attend the law library after numerous requests in order to research and prepare his Petition to Transfer to the Supreme Court of Indiana.

113.    That during the months of February and March 2018, Defendant Creasy scheduled the Plaintiff to attend the law library on two (2) separate occasions for approximately three (3) hours.

114.    That during the months of February and March 2018, offenders attending the law library overheard Defendant Jones state that she was not scheduling the Plaintiff to attend the law library due to filing written complaints and Offender Grievances concerning the law library.

115.    That during the months of February and March 2018, offenders attending the law library also overheard Defendant Jones state that she thought Plaintiff was "creepy" and felt like having Plaintiff sent to the lock-up unit as she did not feel comfortable around the Plaintiff and further stated that she was not scheduling the Plaintiff to attend the law library.

116.    That during the months of February and March 2018, Defendant Jones denied Plaintiff access to the courts by not providing Plaintiff access to a law library clerk(s) as she failed to hired any law library clerk(s) to work in the law library and assist Plaintiff with his legal matters.

117.    That during the months of February and March 2018, while Plaintiff was in attendance to the law library, Plaintiff requested the assistance of Defendant Jones in order to help him prepare his Petition to Transfer to the Supreme Court of Indiana due to providing no law library clerk(s), and Defendant Jones stated she had no knowledge in assisting the Plaintiff in his legal matters in order to prepare his Petition to Transfer to the Supreme Court of Indiana.

118.    That Defendant Jones failed to provide blank motions in stock within the law library in the months of February and March 2018 in with which the Plaintiff could rely or guide him to file his Petition to Transfer to the Supreme Court of Indiana.

119.    That Defendant Jones also failed to provide blank motions in stock within the law library in with which the Plaintiff could rely or guide him in order to file his Belated Petition to

Transfer to the Supreme Court of Indiana after being untimely in filing his Petition to Transfer to the Supreme Court of Indiana.

120.   That due to the failure of Defendant Jones to provide the Plaintiff access to the courts and an adequate prison law library, Plaintiff failed to timely file his Petition to Transfer to the Supreme Court of Indiana within the March 2, 2018 deadline or Belated Petition to Transfer to the Supreme Court of Indiana after being untimely.

121.   That in the months of February and March 2018, Plaintiff filed written complaints and Offender Grievances to prison officials concerning the failure of Defendant Jones to schedule Plaintiff to attend the law library and other issues concerning the law library, and all written complaints went unanswered and Offender Grievances were denied by the Offender Grievance Specialist.

122.   That in the month of February 2018, several offenders in attendance at the law library overheard Defendant Jones state that she was not answering any of Plaintiff's written complaints concerning the law library at the direction of Defendants Newkirk and Thatcher.

123.   That Defendant Jones has knowledge to the law library inadequacies at the Indiana State Prison that denied Plaintiff to access the courts for some time, but, failed to take any corrective measures to ensure an adequate law library exists for Plaintiff's use.

124.   That due to the actions of Defendant Jones and impediments and obstacles within the law library, Plaintiff was unable to timely access the courts in order to timely file his Petition to Transfer to the Supreme Court of Indiana exhausting his state remedies to the last court of resort and further challenge his conviction on appeal causing "injury" to the Plaintiff.

125.   That after Plaintiff's filing of written complaints and Offender Grievances did Defendant Jones hire two (2) law library clerks during the month of April 2018.

126.    That during the months of February and March 2018, Defendant Jones repeatedly denied Plaintiff to adequate, effective and meaningful access to the law library.

127.    That to date, Defendant Jones knowingly and intentionally has failed to take the necessary actions and/or measures to correct any and all deficiencies to bring the Indiana State Prison's law library in compliance under the United States Constitution and laws.

128.    There is no penological justification to deny Plaintiff to access the courts and law library with retaliation and has no logical connection to a legitimate penological interest.

129.    That Defendant Jones cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First Amendment to the United States Constitution.

130.    At all times Defendant Jones acted under the color of state law.

**Legal Claim**

131.    Plaintiff, Thomas R. Ganus, restates and incorporates by reference paragraphs 1 through 130 as though fully set forth herein.

132.    The acts or omissions of Defendant Jones as alleged herein in in knowingly and intentionally retaliating against Plaintiff for filing complaints and Offender Grievances denying Plaintiff access to the courts and law library is in violation of Plaintiff's constitutional rights under the First Amendment to the United States Constitution.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

133.    Plaintiff is in compliance with the Prison Litigation Reform Act and 42 U.S.C. § 1997 requirements to exhaustion of administrative remedies. Plaintiff has timely filed Offender Grievances regarding those issues raised by the Plaintiff to the Indiana Department of Correction

pursuant to IDOC Grievance Policy and Procedure #00-02-301, "Offender Grievance Process." Plaintiff was denied relief at all levels.

134.     Plaintiff timely filed his Notice of Tort Claim in accordance to the Indiana Tort Claims Act and received no response within ninety (90) days.

135.     Plaintiff has exhausted all legal remedies.

## VII.  **DEMAND FOR JURY TRIAL**

136.     **NOW COMES** the Plaintiff, Thomas R. Ganus, and hereby demands trial by jury against the Defendants on all issues set forth in this cause of action pursuant to Rule 38(a) and (b) of the Federal Rules of Civil Procedure.

## VIII.  **PREVIOUS LAWSUITS**

137.     Plaintiff has not been a party in any other lawsuits in state or federal court dealing with the same facts involved in this action or any previous dismissed actions or appeals as frivolous, malicious or for failure to state a claim in the state or federal courts.

## IX.  **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff, Thomas R. Ganus, respectfully request that this Court enter the following relief in this cause:

a.     Accept jurisdiction of this case and set it for hearing.

b.     As to Count 1:

1.     Certify this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with the class defined above.

2.     Enter a declaratory judgment stating that the actions of Defendant Carter in creating, implementing, enforcing and condoning expressed or implied unwritten policies denying access to the courts on the Plaintiff and the putative class is unconstitutional and violates the rights

of Plaintiff's and the putative class under the First and Fourteenth Amendments to the United States Constitution.

3.      Enter a preliminary injunction, later to be permanent, enjoining Defendant Carter from the usage of expressed or implied unwritten policies and practices denying access to the courts of the Plaintiff and the putative class now and in the future.

c.      As to Count 2:

1.      Enter a declaratory judgment stating that the actions of Defendants Neal, Newkirk, Thatcher, Creasy and Jones violated Plaintiff's First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1 as stated above.

d.      As to Count 3:

1.      Enter a declaratory judgment stating that the actions of Defendants Neal, Newkirk, Leonard and Thatcher violated Plaintiff's First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1 as stated above.

e.      As to Count 4:

1.      Enter a declaratory judgment stating that the actions of Defendants Neal, Newkirk, Thatcher and Williams violated Plaintiff's First and Fourteenth Amendments to the United States Constitution and *Indiana Code* § 11-11-7-1 as stated above.

f.      As to Count 5:

1.      Enter a declaratory judgment stating that the actions of Defendant Creasy violated Plaintiff's First Amendment to the United States Constitution as stated above.

g.      As to Count 6:

1.      Enter a declaratory judgment stating that the actions of Defendant Jones violated Plaintiff's First Amendment to the United States Constitution as stated above.

h.    Award Plaintiff compensatory damages in the amount of $150,000 jointly and severally against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones.

i.    Award Plaintiff punitive and exemplary damages in the amount of $15,000 each against Defendants Neal, Newkirk, Thatcher, Williams, Leonard Creasy and Jones to punish each Defendant and deter others from engaging in similar misconduct.

j.    Award nominal damages against Defendants at trial.

k.    Plaintiff request recovery of all cost incurred in this civil complaint.

l.    Any additional relief this Court deems just, proper and equitable.

November 20, 2018

Respectfully submitted,

Thomas R. Ganus
Plaintiff/Pro se

**STATE OF INDIANA** )
) **SS: VERIFICATION**
**COUNTY OF MADISON** )

I, Thomas R. Ganus, do hereby swear, under the penalties for perjury, that all of the foregoing statements are true and correct to the best of my knowledge and belief.

_Thomas R. Ganus_
Thomas R. Ganus
Plaintiff/Pro se

**STATE OF INDIANA** )
) **SS: NOTARIZATION**
**COUNTY OF MADISON** )

Subscribed and sworn to before me, a Notary Public in and for said County and State on this the 20th day of November 2018.

My Commission Expires:

_Kyle R. Moore_
Notary – Signature:

Notary – Printed Name:

My Commission Expires:

KYLE RAY MOORE
La Porte County
My Commission Expires
July 15, 2021

_LaPorte_
County of Residence:

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I, Thomas R. Ganus, do hereby certify that on this 20th day of November 2018, I submitted a true and correct copy of *Proposed Class Action Complaint for Injunctive and Declaratory Relief and Individual Claims for Injunctive and Declaratory Relief and Damages* to the law library supervisor at the Indiana State Prison minimum security unit to electronically file with the Clerk of the Court of the United States District Court, Northern District of Indiana, South Bend Division, Robert A. Grant Federal Building & US Courthouse, 204 South Main Street, Room 102, South Bend, Indiana 46601.

Respectfully submitted,

Thomas R. Ganus
Plaintiff/Pro se
DOC #111462
Indiana State Prison/Outside
201 Woodlawn Avenue
Michigan City, IN 46360