UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS R. GANUS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-928-RLM-JEM |
| ROBERT E. CARTER, JR., et al., | |
| Defendants. | |

OPINION AND ORDER

Thomas R. Ganus, a prisoner without a lawyer, seeks leave to file a second amended complaint (ECF 17) alleging that, while housed at the Indiana State Prison, he couldn't file a petition for transfer in his criminal case due to restricted access to the law library and legal research, and that he was retaliated against for filing grievances regarding his lack of law library access. The proposed second amended complaint adds facts and two new defendants. In the interests of justice, the court will permit the amendment.

The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A, A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Ganus again asks the court to certify this case as a class action. As explained before, it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also* Hagan v. Rogers, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Mr. Ganus can only represent himself on his own claims.

Mr. Ganus's second amended complaint names nine[1] defendants: Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, Case Manager Kyle Moore, Corrections Lieutenant Pauline Williams, Law Library Supervisor Bessie Leonard, Law Library Supervisor Kimberly Creasy, Law Library Supervisor Erin Jones, and Law Library Supervisor Doreen Kirby. Mr. Ganus alleges that he received a letter from the attorney handling his direct criminal appeal on February 7, 2018. The letter explained that the attorney would no longer be representing Mr. Ganus and that if Mr. Ganus wanted to file a petition for transfer with the Indiana Supreme Court, he would need to do so *pro se* or hire other counsel. Mr. Ganus couldn't afford another attorney, so he

---

[1] He is no longer suing Commissioner Robert E. Carter.

2

planned to file the petition for transfer *pro se.* Under the Indiana Rules of Appellate Procedure, Mr. Ganus had 30 days to file the petition for transfer. *See* Ind. R. App. P. 57(C). Mr. Ganus showed Ms. Creasy the letter, explained that he was no longer represented, and asked for law library access so that he could timely file his petition for transfer. Ms. Creasy insisted that Mr. Ganus had an attorney and so had no right to law library access. Ms. Creasy further indicated that, even if Mr. Ganus weren't represented by counsel, he wasn't entitled to law library access consistent with meeting a deadline because he didn't have an order signed by a judge setting a deadline. In other words, as Mr. Ganus tells it, Ms. Creasy failed to recognize that the deadline for the filing of a petition for transfer was established by the Indiana Rules of Appellate Procedure, not by a court order. Mr. Ganus was scheduled to attend the law library on only two occasions in February and March of 2018 for about three hours each. He also sought assistance from staff in preparing the petition for transfer, but he received no assistance. As a result, he couldn't file his petition for transfer in a timely manner, and so failed to exhaust the claims raised in his direct appeal in the state courts.

Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). The First Amendment right to petition and the Fourteenth Amendment right to substantive due process protect the right of individuals to pursue legal redress

for claims that have a reasonable basis in law or fact. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* didn't eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). Mr. Ganus indicates that he a meritorious issue to raise in the petition to transfer; namely, that the Indiana trial court violated Indiana Criminal Rule 4(C), which guarantees a speedy trial. The rule provides, in relevant portion, that:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or whether there was not sufficient

4

> time to try him during such period because of congestion of the court calendar...

Ind. Crim. R. 4(C). The Indiana Court of Appeals considered Mr. Ganus's argument and determined that 957 days passed between when Mr. Ganus was charged and when his trial commenced, but 602 of these days were chargeable to Mr. Ganus. The remaining time – 355 days – fell within the limit set by the rule, so the rule was complied with. See Ganus v. State, 96 N.E.3d 127 (Ind. Ct. App. 2018)(table). The Court of Appeals of Indiana explained the timeline in detail, and its analysis need not be repeated in full here. What is clear from the Court of Appeals's opinion is that Mr. Ganus repeatedly failed to appear in court with an attorney, resulting in multiple continuances, and that he failed to appear at all on one occasion. After he finally obtained an attorney (he didn't request a public defender), that attorney requested multiple continuances and, on one occasion, Mr. Ganus again failed to appear for court. *Id.* Mr. Ganus has offered no explanation of why he believes the calculations of the Court of Appeals are incorrect. Because he hasn't demonstrated that the claim he was prevented from presenting to the Indiana Supreme Court was meritorious, he can't proceed on an access to courts claim.

To the extent that Mr. Ganus also alleges that the defendants maintain policies that result in inadequate law library access and deprive him of his right to access the courts, he can't proceed because he has not demonstrated that his right to access the courts was impinged.[2] Likewise, Mr. Ganus can't proceed on

---

[2] Furthermore, such claims would amount to a suit against the defendants in their official capacity, and he cannot sue the defendants in their official capacity for money damages because "a suit against a[n]

5

a claim against any defendant based on failure to properly train[3] and supervise Law Library Staff, because he hasn't alleged a constitutional violation caused by the alleged failure to train and supervise. Similarly, because Mr. Ganus hasn't alleged a constitutional violation, he can't demonstrate that any defendant caused that violation by failing to provide adequate staff to operate the law library.

Mr. Ganus also alleges that he filed complaints and grievances against Kimberly Creasy and Erin Jones for the denial of law library access, and that in response to those complaints, Kimberly Creasy and Erin Jones retaliated by continuing to deny Mr. Ganus the law library access he needed to file his petition for transfer. "To prevail on his First Amendment retaliation claim, [Mr. Ganus] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Ganus alleges that he engaged in protected speech when he filed complaints and grievances, and Ms. Creasy and Ms. Jones denied Mr. Ganus the law library

---

official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). However, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). While there are exceptions to Eleventh Amendment immunity, none are applicable here. See MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999).

[3] In addition, the failure to train claim fails because "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994).

6

access he needed to timely file a petition for transfer because he filed those complaints. He has adequately pleaded his retaliation claim against Kimberly Creasy and Erin Jones.

Mr. Ganus further alleges that Doreen Kirby, who replaced Erin Jones when she resigned, retaliated against him by refusing to assist him with filing his proposed second amended complaint in this case. More specifically, she refused to affix the rubber stamp necessary before e-filing a document with the court, indicating both that she was not authorized to stamp the document and that she didn't have the stamp. She also refused to notarize Mr. Ganus' proposed second amended complaint because she's not a notary. Mr. Ganus then sought the assistance of Kyle Moore, who also refused to notarize the proposed second amended complaint and meaningfully assist with finding someone who could place the appropriate rubber stamp on the document. He was instead referred back to Doreen Kirby, even though it was already clear that she could or would not help. As a result, Mr. Ganus was required to file his second proposed amended complaint through the United States Mail. Mr. Ganus alleges that Doreen Kirby and Kyle Moore had ridiculed him for filing this lawsuit and that their actions were taken in retaliation for filing the lawsuit. The isn't the type of deprivation that would likely deter future First Amendment activity, so the court won't allow Mr. Ganus to proceed on these claims.

For these reasons, the court:

    (1) GRANTS Thomas R. Ganus's motion for leave to amend his complaint (ECF 17);

7

(2) DIRECTS the Clerk to docket the second amended complaint (ECF 17-3);

(3) GRANTS Mr. Ganus leave to proceed against Kimberly Creasy and Erin Jones in their individual capacities for compensatory and punitive damages for retaliating against him by restricting law library access necessary to file a petition for transfer within the time allowed, in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Ron Neal, Mark Newkirk, Marion Thatcher, Kyle Moore, Pauline Williams, Bessie Leonard, and Doreen Kirby from this case; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Kimberly Creasy and Erin Jones to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 24, 2019

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT