**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| THOMAS R. GANUS on his own behalf and on behalf of a class of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 3:18-cv-928-RLM-JEM ) |
| RON NEAL, Warden, MARK NEWKIRK, Executive Assistant, MARION THATCHER, Unit Team Manager, KYLE MOORE, Case Manager, PAULINE WILLIAMS, Corrections Lieutenant BESSIE LEONARD, Law Library Supervisor, KIMBERLY CREASY, Law Library Supervisor, ERIN JONES, Law Library Supervisor, and DOREEN KIRBY, Law Library Supervisor, | ) ) ) ) ) ) ) ) ) ) **COMPLAINT-CLASS ACTION** ) |
| Defendants. | ) **DEMAND FOR JURY TRIAL** |

**Second Proposed Amended Class Action Complaint for Injunctive and Declaratory Relief and Individual Claims for Injunctive and Declaratory Relief and Damages**

### I. Introduction

1.     This action is brought by the Plaintiff, THOMAS R. GANUS ("Plaintiff"), an

Indiana prisoner pursuant to 42 U.S.C. § 1983. The Plaintiff's Complaint arises through the warden

at the Indiana State Prison, RON NEAL ("Defendant Neal"), and the acts or omissions of his

subordinate Defendants' MARK NEWKIRK ("Defendant Newkirk"), MARION THATCHER

("Defendant Thatcher"), KYLE MOORE, ("Defendant Moore"), PAULINE WILLIAMS

("Defendant Williams"), BESSIE LEONARD ("Defendant Leonard"), KIMBERLY CREASY

("Defendant Creasy"), ERIN JONES ("Defendant Jones") and DOREEN KIRBY ("Defendant

Kirby").

2.      The acts or omissions by the Defendants deny the Plaintiff and the putative class access to the courts under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1. Class action injunctive and corresponding declaratory relief is requested. This claim is raised in Count 1 of this Complaint.

3.      This is an action challenging unconstitutional expressed or implied policies and practices not reflected in the Indiana Department of Correction's Administrative Policy #00-02-102, "Offender Access to the Court," and has been created, implemented, enforced and condoned without notice by the Defendants, having the force of law that subjects the Plaintiff and the putative class to a denial to access the courts.

4.      The Plaintiff asks, in his individual capacity, for injunctive and declaratory relief, compensatory and punitive damages against named Defendants for retaliation and a denial to access the courts. These claims are raised in Counts 2-5 of this Complaint.

## II. **Jurisdiction**

5.      This Complaint seeks, *inter alia*, damages pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

6.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1334.

7.      The Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202.

8.      The Plaintiff's claims for injunctive relief are authorized pursuant to 18 U.S.C. § 3606 and Rule 65 of the Federal Rules of Civil Procedure.

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2

### III. Venue

10.     The acts or omissions giving rise to Plaintiff's claims arose in La Porte County, Indiana. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court, Northern District of Indiana, South Bend Division.

### IV. Plaintiff

11.     Plaintiff, is an adult and is and was at all times mentioned herein a prisoner of the State of Indiana in the custody of the Indiana Department of Correction. At all times relevant in this Complaint the Plaintiff was a United States citizen and is currently confined in the Indiana State Prison/Outside minimum security unit located at 201 Woodlawn Avenue, Michigan City, Indiana, 46360.

### V. Defendants

12.     Defendant Ron Neal is the Warden at the Indiana State Prison. He is legally responsible for the operation of the Indiana State Prison and for the welfare of all offenders of that prison.

13.     Defendant Mark Newkirk is an Executive Assistant to the Warden at the Indiana State Prison. He is responsible for the oversight of both law libraries of the Indiana State Prison.

14.     Defendant Marion Thatcher is a Unit Team Manager and immediate supervisor at the Indiana State Prison. He is responsible for providing adequate corrections staff to operate the facility and law library when the law library supervisor is absent and oversight of subordinate corrections officers at the Indiana State Prison.

15.     Defendant Kyle Moore is a Case Manager at the Indiana State Prison. He is responsible for providing administrative duties of offenders to processing internal and external

3

departmental documents, notarizing legal documents, classification appeals, offender grievances, etc., at the Indiana State Prison.

16.     Defendant Pauline Williams is a Corrections Lieutenant at the Indiana State Prison. She is responsible for providing adequate corrections staff to operate the facility and law library when the law library supervisor is absent and oversight of subordinate corrections officers at the Indiana State Prison.

17.     Defendant Bessie Leonard is a Corrections Officer and Law Library Supervisor at the Indiana State Prison. She is responsible for the immediate oversight and daily operations of the law library of the Indiana State Prison.

18.     Defendant Kimberly Creasy is a Corrections Officer, Law Library Supervisor and Indiana Department of Labor Coordinator at the Indiana State Prison. She is responsible for custody staff duties, the immediate oversights and daily operations of the law library and Indiana Department of Labor apprenticeship programs at the Indiana State Prison.

19.     Defendant Erin Jones (formerly "Erin Esposito") is a Corrections Officer, Law Library Supervisor and Indiana Department of Labor Coordinator at the Indiana State Prison. She is responsible for custody staff duties, the immediate oversights and daily operations of the law library and Indiana Department of Labor apprenticeship programs at the Indiana State Prison.

20.     Defendant Doreen Kirby is a Corrections Officer, Law Library Supervisor and Indiana Department of Labor Coordinator at the Indiana State Prison. She is responsible for custody staff duties, the immediate oversights and daily operations of the law library and Indiana Department of Labor apprenticeship programs at the Indiana State Prison.

21.     Each Defendant is sued in their official and individual capacities for injunctive and declaratory relief, compensatory and punitive damages.

22.     At all times mentioned in this Complaint, Defendants, and all of them, were acting under the color of state law.

**Count 1 – The Challenge to Unconstitutional Expressed or Implied Policies that Deny Access to the Courts Pursuant to 42 U.S.C. § 1983 for Plaintiff and the Putative Class against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones and Kirby**

**Class Action Allegations**

23.     Plaintiff, brings this action on his own behalf and on the behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

24.     The class is defined as:

> All prisoners confined within the Indiana State Prison minimum security facility, who have identified, or who will identify themselves to Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones and Kirby as requiring policies not to violate their right to access the courts of the Plaintiff and those similarly situated in the present and future.

25.     As defined the class meets all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Specifically:

> (a) The class is so numerous that joinder of all members is impractical.  At this point the current size of the class is approximately (385) prisoners;
>
> (b) There are questions of law or fact common to the class: Whether Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones, and Kirby's expressed or implied policies and practices to deny access to the courts violates the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1;
>
> (c) The claims of the representative party are typical of those of the class; and
>
> (d) The representative party will fairly and adequately protect the interest of the class.

26.     The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met in this cause in that all Defendants at all times, has acted or has refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

27.     The Indiana Department of Correction ("IDOC") has an Administrative Policy #00-02-102, "Offender Access to the Court," which outlines the appropriate and necessary procedures in which the Defendants and/or all IDOC employees are to conduct and operate adequate law libraries in order to afford Plaintiff and the putative class access to the courts.

28.     The Defendants created, implemented, enforced and condoned unconstitutional expressed or implied policies and practices that deny the Plaintiff and the putative class access to the courts.

29.     These unconstitutional expressed or implied policies and practices have been recognized at the Indiana State Prison/Outside minimum security facility as a custom due to the length of time in usage against prisoners.

30.     The Defendants have determined that these expressed or implied policies and practices should be enforced within the Indiana State Prison/Outside minimum security facility during the daily operations of the law library.

31.     The Defendants have condoned these expressed or implied policies and practices effectively denying the fundamental constitutional right of access to the courts and the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in the law of Plaintiff and the putative class as a whole.

6

32.     Under these unconstitutional expressed or implied policies and practices the Plaintiff and the putative class who are similarly situated are routinely denied access to the courts with an adequate law library or adequate assistance from persons trained in the law as stated below.

33.     The Defendants failed and currently fail to maintain updated legal books.

34.     The Defendants failed and currently fail to maintain a minimum of a collection of legal materials in accordance to federal guidelines.

35.     The Defendants failed and currently fail to maintain updated legal supplements. The latest supplements are dated in the calendar year 2012.

36.     The Defendants failed and currently fail to update the Lexis Nexis research engine on a consistent basis every quarter (3 months) with updated case laws denying Plaintiff and the putative class access to recent case laws in order to provide and support arguments in motions to the courts. The Defendants update case laws on the Lexis Nexis search engine every (6-9 months).

37.     The Defendants failed and currently fail to provide an adequate amount of computers (4) for the Plaintiff and the putative class to utilize to research with a prison population of approximately four hundred (400) causing undue delays and congestion. In addition, one (1) computer is always reserved for the use by the law library clerk reducing access to the computers for the Plaintiff and the putative class to three (3).

38.     The Defendants failed and currently fail to provide adequate space, tables and chairs for the Plaintiff and the putative class to utilize within law library.

39.     The Defendants failed and currently fail to maintain a copier within the law library that requires closing the law library to obtain copies from other areas of the facility restricting the time allotted to the Plaintiff and the putative class to attend the law library.

7

40.     The Defendants failed and currently fail to maintain a printer within the law library that requires closing the law library to obtain copies from other areas of the facility restricting the time allotted to the Plaintiff and the putative class to attend the law library.

41.     The Defendants failed and currently fail to operate the law library within the minimum required hours for operation.

42.     The Defendants failed and currently fail to operate and make available the law library in the evening after the work assignments of the Plaintiff and the putative class.

43.     The Defendants failed and currently fail to schedule the Plaintiff and the putative class opposite of their scheduled recreation times forcing prisoners to choose between two constitutional rights to either attend the law library and/or recreation.

44.     The Defendants are scheduling the Plaintiff and the putative class to one session per week to attend the law library without a court ordered deadline when computer space is available leaving the law library empty on many days.

45.     The Defendants failed and currently fail to timely issue and pass out law library call out passes notifying the Plaintiff and the putative class of a scheduled appointment to the law library which causes missed scheduled times to attend the law library. If the law library supervisor is absent and no replacement is available, the Defendants failed and currently fail to schedule the Plaintiff and the putative class to attend the law library the next day.

46.     The Defendants failed and currently fail to open the law library on holidays that fall on weekdays when appropriate IDOC staff is available to operate the law library.

47.     The Defendants failed and currently fail to dictate noise levels with playing loud music on radios and internet videos inside of the law library causing distractions, and failed and

currently fail to take all the necessary steps, and correct any structural or acoustical problems during scheduled times the Plaintiff and the putative class attends the law library.

48.     The Defendants failed and currently fail to allow the Plaintiff and the putative class to purchase and maintain case laws and legal materials in their assigned bed locations due to a claim of a fire hazard.

49.     The Defendants failed and currently fail to provide IDOC policies and/or directives that are not deemed confidential by IDOC on a hardcopy and/or computer within the law library effectively denying access to challenge on appeal disciplinary convictions and/or other issues of concern.

50.     The Defendants failed and currently fail to provide bilingual law library clerks for non-English speaking prisoners as the facility has a large number of Spanish offenders.

51.     The Defendants failed and currently fail to provide a pager and/or runner system during prison lockdowns when the Plaintiff's and the putative class are confined to their assigned housing areas due to disciplinary reasons.

52.     The Defendants failed and currently fail to allow law library supervisors and/or law library staff replacements to access the internet to search, obtain or review the chronological case summaries from the court's websites of the Plaintiff and the putative class.

53.     The Defendants failed and currently fail to allow law library supervisors and/or law library staff replacements to search, obtain or review the chronological case summaries from the court's websites to authenticate court ordered deadlines.

54.     The Defendants failed and currently fail to maintain a restroom within the law library that requires closing the law library in order for law library supervisors, law library staff replacements, Plaintiff and the putative class to leave the law library to access restroom facilities

9

within the facility and/or assigned housing areas. Plaintiff and the putative class are not permitted to remain in the law library without a law library supervisor and/or law library staff replacement present.

55.     The Defendants failed and currently fail to accept or document the Plaintiff's legal documents to mail at the law library. As a result, the Plaintiff must submit a Request for Interview form to his assigned counselor and/or case manager in order that they place the Plaintiff's legal documents in the mail causing a delay and risks being untimely to the courts.

56.     The Defendants are causing long delays in processing and delivering legal mail to the Plaintiff's and the putative class risking untimely filings and responses to the courts.

57.     The Defendants failed and currently fail to recognize Indiana Trial and Appellate Rules and Federal Rules of Criminal and Civil Procedure as legal deadlines in order that the Plaintiff and the putative class timely file motions to the courts. The Defendants do not recognize a court deadline unless the Plaintiff and the putative class provides an order from the courts with a judge's signature.

58.     The Defendants failed and currently fail to provide consistent and adequately trained law library staff as replacements when law library supervisor(s) are absent.

59.     The Defendants failed and currently fail to maintain adequate law library staff replacements to operate the law library that requires closing the law library in order that a law library supervisor and/or law library staff replacements search corrections officers and/or other IDOC employees, contractors, transport prisoners outside of facility, pass out offender commissary, fill vacant positions when short of IDOC staff, use the restroom, print and/or copy legal materials denying the Plaintiff and the putative class access to the courts.

10

60.     The Defendants close the law library so law library supervisors/Indiana Department of Labor Coordinators can receive training, conduct orientations and/or testing of the Plaintiff and the putative class enrolled in the Indiana Department of Labor apprenticeship programs.

61.     The Defendants failed and currently fail to provide adequately trained law library clerk(s) to assist the Plaintiff and the putative class in legal matters as no law library clerks are properly trained with paralegal degrees or proper training in legal instruction or legal research courses concerning the Constitution of the United States, the Constitution of Indiana, state or federal law, habeas corpus, civil litigation, torts, or procedures with which to challenge their convictions.

62.     The acts or omissions by the Defendants denied the Plaintiff and the putative class adequate, effective and meaningful access to the courts.

63.     These unconstitutional expressed or implied policies and practices, created, implemented, enforced and condoned by all Defendants under which the Plaintiff and the putative class are subjected denies access to the courts without penological justification on the class as a whole.

64.     There is no penological justification to deny Plaintiff and the putative class access to the courts and has no logical connection to a legitimate penological interest.

65.     The Defendants cannot demonstrate that the substantial burden imposed on the Plaintiff and the putative class has a penological justification under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

66.     At all times Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones and Kirby acted under the color of state law.

11

67.    The acts or omissions of Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones and Kirby are causing irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

68.    The Plaintiff, restates and incorporates by reference paragraphs 1 through 66 as though fully set forth herein.

69.    The acts or omissions of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones and Kirby as alleged herein with implementing, enforcing and condoning unconstitutional expressed or implied policies and practices are effectively denying the fundamental constitutional right of access to the courts and the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in law of Plaintiff and the putative class as a whole in violation of the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

70.    The Plaintiff and the punitive class have no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff and the punitive class have been in the past and will continue to be irreparably injured in the future by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which the Plaintiff and the punitive class seeks.

## Count 2 – Retaliatory Denial of Access to the Courts Pursuant to 42 U.S.C. § 1983 against Defendant Creasy

**Individual Allegations**

71.    On or about February 7, 2018, Plaintiff received correspondence dated on February 2, 2018, by his court appointed appellate attorney, Jennifer Koeth that represented the Plaintiff on direct appeal to the Court of Appeals of Indiana under Cause No. 46A03-1707-CR-1559.

12

72.     After receiving attorney correspondence, the Plaintiff was placed on notice by his court appointed attorney, Jennifer Koeth that she would no longer be representing him any further on appeal as she was only appointed by the Court to represent the Plaintiff on direct appeal to the Court of Appeals of Indiana.

73.     In the attorney correspondence dated on February 2, 2018, the Plaintiff was also placed on notice by his attorney that she would no longer be able to represent him any further on appeal concerning a Petition to Transfer to the Supreme Court of Indiana and that the Plaintiff would have to represent himself or hire private counsel.

74.     The Plaintiff is unable to afford private counsel and planned to further challenge his conviction with a Petition to Transfer to the Supreme Court of Indiana after the Court of Appeals of Indiana affirmed.

75.     Under Indiana Appellate Rules, the Plaintiff and/or a Defendant has thirty (30) days in which to timely file a Petition to Transfer to the Supreme Court of Indiana.

76.     On February 7, 2018, the Plaintiff attended the law library and explained to Defendant Creasy the need to be scheduled to attend the law library in order to timely file his Petition to Transfer to the Supreme Court of Indiana due to no longer being represented by Attorney Jennifer Koeth.

77.     After showing and explaining the contents of the correspondence dated on February 2, 2018, from Plaintiff's attorney, Defendant Creasy dismissed Plaintiff's explanation to a deadline in which to file his Petition to Transfer to the Supreme Court of Indiana as false.

78.     Defendant Creasy stated to the Plaintiff that he was still being represented by an attorney and, therefore, was not entitled to attend the law library, and had no constitutional rights to do so with an attorney.

13

79.     Defendant Creasy denied the contents of the attorney correspondence as explained by the Plaintiff and insisted that the Plaintiff was being represented by an attorney in his case.

80.     Defendant Creasy advised the Plaintiff that even if he was not being represented by an attorney at that time, he was not entitled to be placed on a deadline schedule because he did not possess any court documents with a signature from a judge to a court ordered deadline.

81.     Defendant Creasy also advised the Plaintiff that even if the Indiana Appellate Rules required that the Plaintiff file his Petition to Transfer to the Supreme Court of Indiana within thirty (30) days as timely, he was not entitled to be placed on a deadline schedule because he did not possess any court documents with a signature from a judge to a court ordered deadline, and that the law library did not recognize Indiana Appellate Rules as a deadline.

82.     The Plaintiff adamantly explained the need to attend the law library with adequate time to file his Petition to Transfer to the Supreme Court of Indiana within thirty (30) days in accordance to Indiana Appellate Rules.

83.     The Plaintiff also explained the need to scan his direct appeal provided to him by his direct appellate attorney and transfer the legal material to a law library computer in order to have access to his legal documentation when preparing his Petition to Transfer to the Supreme Court of Indiana to save time in order to meet the deadline in which to file.

84.     The Plaintiff also requested that Defendant Creasy recover and provide his previous legal material stored on a law library computer that was previously erased by the IOT technician in or about September of 2017, at the direction of Defendant Newkirk after the departure of Deloris Walker-Cook, former Law Library Supervisor at the Indiana State Prison.

14

85.     Defendant Creasy became argumentative and advised the Plaintiff that eventually she would do so. After several days, Defendant Creasy scanned and placed the Plaintiff's previous legal material in his legal files on the law library computer.

86.     During the conversation on February 7, 2018, between Defendant Creasy and the Plaintiff in the law library, several offenders were in attendance who overheard Defendant Creasy become argumentative and state that she was not going to schedule the Plaintiff to attend the law library because he had legal representation, was not entitled to be placed on a deadline schedule because he did not possess any court documents with a signature from a judge to a court ordered deadline, and that the law library did not recognize Indiana Appellate Rules as a deadline for an offender.

87.     After Defendant Creasy failed to schedule the Plaintiff to attend the law library the Plaintiff filed written complaints and offender grievances for not being scheduled to the law library to timely file his Petition to Transfer to the Supreme Court of Indiana and other issues regarding the law library.

88.     In the month of February 2018, several offenders in attendance at the law library overheard Defendant Creasy ridicule the Plaintiff and state that she was not scheduling the Plaintiff to attend the law library for filing written complaints and offender grievances.

89.     In the month of February 2018, several offenders in attendance at the law library overheard Defendant Creasy state that she was not answering any of the Plaintiff's written complaints concerning the law library at the direction of Defendants Newkirk and Thatcher.

90.     In the month of February 2018, Defendant Creasy repeatedly denied the Plaintiff to adequate, effective and meaningful access to the courts.

91.     There is no penological justification to retaliate against the Plaintiff in order to deny the Plaintiff access to the courts and has no logical connection to a legitimate penological interest.

92.     Defendant Creasy cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

93.     At all times Defendant Creasy acted under the color of state law.

94.     The acts or omissions of Defendant Creasy is causing Plaintiff irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

95.     The Plaintiff, restates and incorporates by reference paragraphs 1 through 94 as though fully set forth herein.

96.     The acts or omissions of Defendant Creasy as alleged herein in knowingly and intentionally retaliating against the Plaintiff in denying the Plaintiff access to the courts is in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

97.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff has been in the past and will continue to be irreparably injured in the future by the conduct of Defendant Creasy unless this Court grants the declaratory and injunctive relief which the Plaintiff and the punitive class seeks.

**Count 3 – Retaliatory Denial of Access to the Courts Pursuant to 42 U.S.C. § 1983 against Defendant Jones**

**Individual Allegations**

98.     In the month of February of 2018, Defendant Jones (formerly "Erin Esposito") became the new Law Library Supervisor at the Indiana State Prison after Defendant Creasy received a position as a corrections sergeant at the Westville Correctional Facility.

99.     In the months of February and March 2018, Defendant Jones failed to timely schedule the Plaintiff to attend the law library after numerous requests in order to research and prepare his Petition to Transfer to the Supreme Court of Indiana.

100.     In the months of February and March 2018, Defendant Jones scheduled the Plaintiff to attend the law library approximately two (2) times for a total of three (3) hours.

101.     In the months of February and March 2018, offenders attending the law library overheard Defendant Jones state that she was not scheduling the Plaintiff to attend the law library due to filing written complaints and offender grievances concerning the law library.

102.     In the months of February and March 2018, offenders attending the law library overheard Defendant Jones state that she thought the Plaintiff was "creepy" and felt like having the Plaintiff sent to the lock-up unit as she did not feel comfortable around the Plaintiff.

103.     In the months of February and March 2018, Defendant Jones failed to afford the Plaintiff access to a person trained in the law and/or an adequately trained law library clerk(s) as the law library was without any law library clerk(s) to assist the Plaintiff in the preparation and filing of his Petition to Transfer to the Supreme Court of Indiana.

104.     In the months of February and March 2018, while the Plaintiff was in attendance to the law library, the Plaintiff requested the assistance of Defendant Jones in order to help him prepare his Petition to Transfer to the Supreme Court of Indiana due to providing no law library

17

clerk(s), and Defendant Jones stated she had no knowledge in the law or the preparation of court documents and could not assist the Plaintiff in order to prepare his Petition to Transfer to the Supreme Court of Indiana.

105.    Defendant Jones failed to provide blank motions in stock within the law library in the months of February and March 2018 in with which the Plaintiff could rely to file his Petition to Transfer to the Supreme Court of Indiana.

106.    In addition, Defendant Jones failed to provide blank motions in stock within the law library in with which the Plaintiff could rely or guide him in order to file his Belated Petition to Transfer to the Supreme Court of Indiana after being untimely.

107.    Due to the acts or omissions by Defendant Jones in denying the Plaintiff the fundamental constitutional right of access to the courts and the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in law, the Plaintiff failed to timely file his Petition to Transfer or Belated Petition to Transfer to the Supreme Court of Indiana within the March 2, 2018 deadline and/or directly afterwards.

108.    In the months of February and March 2018, Plaintiff filed written complaints and offender grievances against Defendant Jones in denying the Plaintiff the fundamental constitutional right of access to the courts and the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in law.

109.    All of the Plaintiff's written complaints went unanswered and offender grievances were denied by the Offender Grievance Specialist.

110.    In the month of February 2018, several offenders in attendance at the law library overheard Defendant Jones state that she was not answering any of the Plaintiff's written complaints concerning the law library at the direction of Defendants Newkirk and Thatcher.

111.    Defendant Jones has knowledge to the inadequacies of the law library at the Indiana State Prison for some time, but, failed and continues to fail to take any corrective measures to correct any and all deficiencies to be in compliance within the constitution and federal guidelines.

112.    Due to the impediments and obstacles within the law library, the Plaintiff was unable to timely access the courts in order to timely file his Petition to Transfer to the Supreme Court of Indiana, and, as a result, failed to exhaust his state remedies to the last court of resort and challenge his conviction on appeal.

113.    After the Plaintiff filed written complaints and offender grievances, Defendant Jones eventually hired two (2) law library clerks during the month of April 2018.

114.    In the months of February and March 2018, Defendant Jones repeatedly denied the Plaintiff to adequate, effective and meaningful access to the courts.

115.    There is no penological justification in retaliating against the Plaintiff in order to deny the Plaintiff access to the courts and has no logical connection to a legitimate penological interest.

116.    Defendant Jones cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

117.    At all times Defendant Jones acted under the color of state law.

118.    The acts or omissions of Defendant Jones is causing Plaintiff irreparable harm for which there is no adequate remedy at law.

19

**Legal Claim**

119.    The Plaintiff, restates and incorporates by reference paragraphs 1 through 118 as though fully set forth herein.

120.    The acts or omissions of Defendant Jones as alleged herein in knowingly and intentionally retaliating against the Plaintiff in denying the Plaintiff access to the courts is in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

121.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff has been in the past and will continue to be irreparably injured in the future by the conduct of Defendant Jones unless this Court grants the declaratory and injunctive relief which the Plaintiff seeks.

**Count 4 – Denied Access to the Courts Pursuant to 42 U.S.C. § 1983 and *Bounds* against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones**

**Individual Allegations**

122.    The acts or omissions of the Defendants denied the Plaintiff to adequate, effective and meaningful access to the courts.

123.    The Plaintiff claims that he was unable to present meritorious claims on transfer to the Supreme Court of Indiana and that the Defendants' conduct prejudiced potential meritorious claims and that Plaintiff's right has been infringed upon.

124.    The Plaintiff's criminal case was assigned Cause No. 46C01-1409-F5-00193 in the La Porte County Circuit Court.

125.    In the Plaintiff's criminal case, he clearly had meritorious claims to a violation of Indiana Trial Rule 4(C) to a denial of discharge and a silent record due to absolutely no entries in

the Plaintiff's chronological case summary as to whether the Plaintiff requested or objected to continuances that would have been attributed to him to a claim of a violation.

126.    On September 17, 2014, the State of Indiana filed charging information against the Plaintiff.

127.    The Plaintiff's trial date was set on May 1, 2017.

128.    On May 1, 2017, the Plaintiff was found guilty by jury trial.

129.    The trial court set Plaintiff's trial date nine-hundred and fifty-seven (957) days after the State of Indiana filed charging information in violation of Indiana Trial Rule 4(C) which states, in relevant part:

> 4(C) *Defendant discharged.* No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than *one year* from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, than in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order which shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

130.    On November 30, 2017, the Plaintiff, by counsel, filed the Plaintiff's brief before the Indiana Court of Appeals under Case No. 46A03-1707-CR-1539 raising issues to a violation of Indiana Trial Rule 4(C).

131.    On direct appeal, the Plaintiff raised meritorious issues to a denial of discharge and benefit from a silent record.

132.    On February 2, 2018, the Court of Appeals of Indiana, in a Memorandum decision affirmed Plaintiff's conviction.

133.    The Plaintiff's efforts to pursue non-frivolous and meritorious claims to the Supreme Court of Indiana on transfer were impeded by undue interference, unjustified acts or conditions by the Defendants in denying the Plaintiff the fundamental constitutional right to access the courts and the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in law.

134.    There is no penological justification in denying the Plaintiff access to the courts and has no logical connection to a legitimate penological interest.

135.    Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

136.    At all times Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones acted under the color of state law.

137.    The acts or omissions of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones is causing Plaintiff irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

138.    The Plaintiff, restates and incorporates by reference paragraphs 1 through 137 as though fully set forth herein.

139.    The undue interference, unjustified acts or conditions of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones as alleged herein in knowingly and

22

intentionally denying the Plaintiff the fundamental constitutional right to access the courts and the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in law is in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

140. Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones knew or should have known that according to correspondence provided by the Plaintiff's counsel that the Plaintiff was no longer being represented by counsel on appeal to the last court of resort in the State of Indiana, Plaintiff's inferred need and desire to represent himself as *pro se*, Plaintiff's need to prepare and file his transfer to the Indiana Supreme Court of Indiana in accordance to Indiana Appellate Rules, assistance of a person trained in the law and in the preparation of legal papers, and Plaintiff's need to access the courts in a timely fashion.

141. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff has been in the past and will continue to be irreparably injured in the future by the conduct of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones unless this Court grants the declaratory and injunctive relief which the Plaintiff seeks.

## Count 5 – Retaliatory Denial of Access to the Courts Pursuant to 42 U.S.C. § 1983 against Defendant Moore and Kirby

**Individual Allegations**

142. In or about the month of April 2019, Defendant Jones resigned from her employment in the IDOC after being served Plaintiff's Original Complaint dated November 29, 2018.

23

143. In the month of April 2019, Defendant Kirby was appointed the new law library supervisor and Indiana Department of Labor Coordinator at the Indiana State Prison minimum security facility.

144. Since 2018, and before the appointment of Defendant Kirby as the new law library supervisor, she was an appointed law library replacement when Defendant Jones was absent.

145. Defendant Kirby was to be previously and properly trained as a law library replacement to the operations of the law library and a notary as required by law.

146. Defendant Moore is the Plaintiffs assigned case manager and is a notary authorized to notarize any and all of the Plaintiffs legal documents.

147. On or about April 25, 2019, the Plaintiff amended his Complaint for a second time.

148. On this same date, the Plaintiff requested Defendant Kirby to rubber stamp the cover of the Plaintiffs Second Proposed Amended Complaint and provide the necessary information such as (1) scanned at ISP; (2) affirmed on date; (3) initials; and (4) number of pages before electronically filing said Complaint with the federal court.

149. The information included on the rubber stamp is required by the federal courts before electronically filing any federal papers with the federal courts.

150. Defendant Kirby stated, "I am not authorized to do so."

151. In addition, Defendant Kirby stated, "Defendant Jones took the rubber stamp with her when she resigned from her position as law library supervisor."

152. The Plaintiff requested Defendant Kirby to locate another rubber stamp or contact other IDOC staff to provide a rubber stamp in order to electronically file his Second Proposed Amended Complaint dated April 25, 2019.

153. Defendant Kirby replied, "I'm not going to do that or get involved in your lawsuit."

24

154.   The Plaintiff requested Defendant Kirby to also notarize Plaintiffs Second Proposed Amended Complaint and Defendant Kirby stated, "I am not a notary."

155.   Defendant Kirby refused to provide rubber stamp, notarize, or electronically file or inquire to gain assistance by other IDOC staff in order to assist the Plaintiff in filing his Second Proposed Amended Complaint to the Court.

156.   As a result of Defendant Kirby's acts or omissions in assisting the Plaintiff, the Plaintiff directly sought assistance by Defendant Moore.

157.   On or about April 25, 2019, Defendant Moore refused to notarize Plaintiff's Second Proposed Amended Complaint so that the Plaintiff could mail his Complaint to this Court.

158.   The Plaintiff attempted to have his Second Proposed Amended Complaint notarized as he wished to verify his Complaint as an affidavit.

159.   Defendant Moore requested the Plaintiff to leave his Original Complaint that was previously rubber stamped, notarized and electronically filed with the Court dated on November 29, 2018, to present to Daniel McBride, Deputy Warden at the Indiana State Prison, to discuss the rubber stamp, notarizing, and electronically filing of Plaintiff's Second Proposed Amended Complaint at an upcoming meeting.

160.   On or about May 1, 2019, Defendant Moore informed the Plaintiff that during his meeting with Daniel McBride, he did, in fact, inquire into the rubber stamp to place on the cover of the Plaintiff's Second Proposed Amended Complaint and Daniel McBride stated he had no idea what the rubber stamp was being used for or where this particular rubber stamp was located, and offered no further assistance.

161.   Defendant Moore offered the Plaintiff no further assistance and referred the Plaintiff to seek further assistance from Defendant Kirby after having knowledge that Defendant

Kirby refused to assist the Plaintiff in correctly and timely filing his Second Proposed Amended Complaint to the Court.

162.    Both Defendants Kirby and Moore failed to seek assistance by Defendant Leonard, Law Library Supervisor at the Indiana State Prison maximum security facility, in order to assist the Plaintiff in his legal matters.

163.    Defendants Kirby and Moore are very much aware that the Plaintiff is filing a law suit against several IDOC co-workers and have ridiculed the Plaintiff for doing so.

164.    To date, Defendants Kirby and Moore have failed and continue to fail to competently perform their job duties in assisting the Plaintiff in his legal matters in retaliation for filing suit against IDOC co-workers.

165.    The Plaintiff has filed complaints and offender grievances after Defendants Kirby and Moore failed and continue to fail in assisting the Plaintiff in providing rubber stamp, notarizing and electronically filing Plaintiff's Second Proposed Amended Complaint to the Court to no avail.

166.    To date of filing the Plaintiff's Second Proposed Amended Complaint to the Court dated May 16, 2019, Defendants Kirby and Moore have failed and continue to fail in assisting the Plaintiff in properly filing his Complaint to this Court in accordance to federal requirements when electronically filing federal papers.

167.    As such, the Plaintiff must take drastic measures in filing his Second Proposed Amended Complaint through the United States Mail and risk a denial by the court for failing to abide by federal requirements when electronically filing federal papers.

168.    In the months of April and May of 2019, Defendants Kirby and Moore repeatedly denied the Plaintiff to adequate, effective and meaningful access to the courts in retaliation for filing a lawsuit against IDOC co-workers.

169.    There is no penological justification in retaliating against the Plaintiff in order to deny the Plaintiff access to the courts and has no logical connection to a legitimate penological interest.

170.    Defendants Kirby and Moore cannot demonstrate that the substantial burden imposed on the Plaintiff has a penological justification under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

171.    At all times Defendants Kirby and Moore acted under the color of state law.

172.    The acts or omissions of Defendants Kirby and Moore Jones is causing Plaintiff irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

173.    The Plaintiff, restates and incorporates by reference paragraphs 1 through 172 as though fully set forth herein.

174.    The acts or omissions of Defendants Kirby and Moore as alleged herein in knowingly and intentionally retaliating against the Plaintiff in denying the Plaintiff access to the courts is in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

175.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff has been in the past and will continue to be irreparably injured in the future by the conduct of Defendants Kirby and Moore unless this Court grants the declaratory and injunctive relief which the Plaintiff seeks.

## VI. Exhaustion of Administrative Remedies

176.    The Plaintiff is in compliance with the Prison Litigation Reform Act at 42 U.S.C. § 1997(e). The Plaintiff has timely filed offender grievances regarding the claims raised by the Plaintiff in Complaint in accordance to Indiana Department of Correction's Policy and Procedure #00-02-301, "Offender Grievance Process."

177.    The Plaintiff's offender grievances were denied and provided no requested relief.

178.    The Plaintiff timely filed a Notice of Tort Claim and was denied.

179.    The Plaintiff has exhausted all administrative and legal remedies.

## VII. Demand for Jury Trial

180.    **NOW COMES** the Plaintiff, and hereby demands trial by jury against the Defendants on all issues set forth in this cause of action pursuant to Rules 5(d) and 38(a)(b) of the Federal Rules of Civil Procedure.

## VIII. Previous Lawsuits

181.    The Plaintiff has not been a party in any other lawsuits in state or federal court dealing with the same facts involved in this action or any previous dismissed actions or appeals as frivolous, malicious or for failure to state a claim in the state or federal courts.

## IX. Relief Requested

**WHEREFORE,** Plaintiff, respectfully request that this Court enter the following relief in this cause:

a.      Accept jurisdiction of this case and set it for hearing.

b.      As to Count 1:

1.      Certify this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with the class defined above.

28

2. Enter a declaratory judgment stating that the acts or omissions of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones and Kirby in creating, implementing, enforcing and condoning unconstitutional expressed or implied policies and practices denied the Plaintiff and the putative class access to the courts and violates the rights of the Plaintiff and the putative class under the First and Fourteenth Amendment to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1.

3. Enter a preliminary injunction, later to be permanent, enjoining Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones and Kirby from the usage of said unconstitutional expressed or implied policies and practices in denying the Plaintiff and the putative class access to the courts now and in the future.

c. As to Count 2:

1. Enter a declaratory judgment stating that the acts or omissions of Defendant Creasy violated Plaintiff's First and Fourteenth Amendment to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1 as stated above.

d. As to Count 3:

1. Enter a declaratory judgment stating that the acts or omissions of Defendant Jones violated Plaintiff's First and Fourteenth Amendment to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1 as stated above.

e. As to Count 4:

1. Enter a declaratory judgment stating that the actions of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones violated Plaintiff's First and Fourteenth Amendment to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1 as stated above.

29

f.      As to Count 5:

1.      Enter a declaratory judgment stating that the actions of Defendants Kirby and Moore violated Plaintiff's First and Fourteenth Amendment to the United States Constitution, laws of the United States and *Indiana Code* § 11-11-7-1 as stated above.

g.      Award Plaintiff compensatory damages in the amount of $150,000 jointly and severally against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones, Kirby and Moore.

h.      Award Plaintiff punitive and exemplary damages in the amount of $15,000 each against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones, Kirby and Moore to punish each Defendant and deter others from engaging in similar misconduct.

i.      The Plaintiff requests Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy, Jones, Kirby and Moore be terminated from their employment with the Indiana Department of Correction for their misconduct.

j.      The Plaintiff requests recovery of all cost incurred in this civil complaint.

k.      Any additional relief this Court deems just, proper and equitable.

May 16, 2019

Respectfully submitted,

*Thomas Ganus*

Thomas R. Ganus
Plaintiff/Pro se

**STATE OF INDIANA**     )
                           )   **SS: VERIFICATION**

**COUNTY OF MADISON**    )

     I, Thomas R. Ganus, do hereby swear, under the penalties for perjury, that all of the

foregoing statements are true and correct.

May 16, 2019

                                      Thomas R. Ganus

                                      Plaintiff/Pro se

31

## CERTIFICATE OF SERVICE

That I, Thomas R. Ganus, do hereby certify that on this 16th day of May 2019, mailed a

true and correct copy of Plaintiff's *Second Proposed Amended Class Action Complaint for*

*Injunctive and Declaratory Relief and Individual Claims for Injunctive and Declaratory Relief and*

*Damages* upon:

The Clerk of the Court
United States District Court
Northern District of Indiana
South Bend Division
Robert A. Grant Federal Building & U.S. Courthouse
204 South Main Street
Room 102
South Bend, IN 46601

Deputy Attorney General
Ryan J. Guillory
Indiana Attorney General's Office
Indiana Government Center-South
Fifth Floor
402 West Washington Street
Indianapolis, IN 46204

by submitting same to a designated civilian employee of the Indiana Department of Corrections

for prompt processing and placement in the U.S. Mail by authorized prison personnel within the

facility mailroom, with sufficient first-class postage prepaid, and it shall be deemed **FILED** as of

the date under *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

Respectfully submitted,

*Thomas Ganus*

Thomas R. Ganus
Plaintiff/Pro se
DOC #111462
Indiana State Prison/Outside
201 Woodlawn Avenue
Michigan City, IN 46360