UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS R. GANUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-cv-00928-RLM-JEM |
| | ) |
| KIMBERLY CREASY, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Kimberly Creasy and Erin Jones, by counsel, in response to Plaintiff's Second Amended Complaint, [ECF 21], as screened by this Court, [ECF 20], respectfully submits this Answer as follows:

1. Defendants admit that Plaintiff is a prisoner and this action is brought pursuant to 42 U.S.C. § 1983. Defendants deny the remaining allegations.

2. Defendants deny allegations contained in rhetorical paragraphs 2-4 of Plaintiff's Second Amended Complaint.

3. Defendants admit that jurisdiction is proper to hear Plaintiff's 42 U.S.C. § 1983 claim and that venue is proper. Defendants deny the remaining allegations contained in rhetorical paragraphs 5-10 of Plaintiff's Second Amended Complaint.

4. Admit that Defendants Creasy and Jones, at the time of the relevant actions alleged in the complaint, were employees of the Indiana Department of Correction acting under the color of law. Defendants deny the remaining allegations contained in rhetorical paragraphs 12-22 of Plaintiff's Second Amended Complaint.

5. Defendants deny allegations contained in rhetorical paragraphs 23-70 of Plaintiff's Second Amended Complaint that they unlawfully retaliated against Plaintiff by restricting his law library access. Pursuant to this Court's Screening Order, [ECF 20], Defendants are not required to respond to remaining claims but nevertheless deny any remaining allegations.

6. Defendants deny allegations contained in rhetorical paragraphs 71-97 of Plaintiff's Second Amended Complaint that they unlawfully retaliated against Plaintiff by restricting his law library access. Pursuant to this Court's Screening Order, [ECF 20], Defendants are not required to respond to remaining claims but nevertheless deny any remaining allegations.

7. Defendants deny allegations contained in rhetorical paragraphs 98-121 of Plaintiff's Second Amended Complaint that they unlawfully retaliated against Plaintiff by restricting his law library access. Pursuant to this Court's Screening Order, [ECF 20], Defendants are not required to respond to remaining claims but nevertheless deny any remaining allegations.

8. Defendants deny allegations contained in rhetorical paragraphs 122-141 of Plaintiff's Second Amended Complaint that they unlawfully retaliated against Plaintiff by restricting his law library access. Pursuant to this Court's Screening Order, [ECF 20], Defendants are not required to respond to remaining claims but nevertheless deny any remaining allegations.

9. Defendants deny allegations contained in paragraphs rhetorical 142-175 of Plaintiff's Second Amended Complaint that they unlawfully retaliated against Plaintiff by restricting his law library access. Pursuant to this Court's Screening Order, [ECF 20], Defendants are not required to respond to remaining claims but nevertheless deny any remaining allegations.

10. Defendants deny allegations contained in rhetorical paragraphs 176-179 of Plaintiff's Second Amended Complaint.

11. Defendants demand a trial by jury.

12. Defendants deny the allegations contained in rhetorical paragraph 181 of Plaintiff's Second Amended Complaint.

**WHEREFORE**, the Defendants Kimberly Creasy and Erin Jones, by counsel, respectfully request this Court deny the Plaintiff his requested relief, dismiss his claims with prejudice, enter judgment in their favor, and for all other just and proper relief.

## STATEMENT OF AFFIRMATIVE DEFENSES

Defendants Kimberly Creasy and Erin Jones, by counsel, in further answer to and for their affirmative defenses to Plaintiff's Second Amended Complaint, state as follows:

1. Plaintiff's rights, privileges, and immunities secured under the Constitution have not been violated by any alleged action or omission of the Defendants.

2. Plaintiff's action is barred by the applicable statute of limitations.

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. Defendants had no personal involvement in some or all of the activities and decisions underlying the Plaintiff's allegations.

5. Defendants are entitled to qualified immunity because they did not violate any clearly established right of the Plaintiff.

6. Defendants are entitled to immunity from damages under Indiana Code § 34-13-3-3 with respect to any claim for damages by Plaintiff.

7. Plaintiff failed to mitigate damages and is therefore barred from recovery.

8. Plaintiff's claims may be barred to the extent these issues have been previously litigated or are currently being litigated in another court.

9. Any actions taken by Defendants with regard to Plaintiff's allegations are reasonably related to legitimate penological interests, and did not actually or proximately cause any injury allegedly suffered by Plaintiff.

10. Defendants at all times acted reasonably, without malice, and in good faith.

11. To the extent the Complaint is interpreted as asserting a claim for damages against Defendants in their official capacity, such claim is barred by the Eleventh Amendment and the doctrine of sovereign immunity.

12. Defendants were not the proximate cause of any injuries alleged by Plaintiff.

13. Plaintiff's claimed injuries predate any of the events alleged in Plaintiff's Complaint.

14. To the extent that Defendants did not respond to any allegations set forth in the Plaintiff's Complaint, Defendants specifically deny the same.

15. Defendants reserve the right to assert additional defenses as discovery progresses.

                    Respectfully Submitted,

                    CURTIS T. HILL, JR.
                    Indiana Attorney General
                    Atty. No. 13999-20

Date: July 2, 2019        By: Bryan R. Findley
                             Deputy Attorney General
                             Atty. No. 34447-30
                             Indiana Government Center South – 5th Fl.
                             302 W. Washington Street
                             Indianapolis, IN  46204-2770
                             Phone: (317) 232-6217
                             Fax:  (317) 232-7979
                             Email:  Bryan.Findley@atg.in.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have duly served upon the party of record listed below, by United States mail, first-class postage prepaid to:

Thomas R. Ganus
DOC # 111462
Indiana State Prison - ISO
201 Woodlawn Avenue
Michigan City, IN 46360

        Bryan R. Findley
        Deputy Attorney General

OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South – 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Telephone:     (317) 232-6217
Fax:               (317) 232-7979
Email:  Bryan.Findley@atg.in.gov