UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS R. GANUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:18-cv-928-RLM-JEM |
| | ) |
| RON NEAL, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

**COMES NOW** the Plaintiff, Thomas R. Ganus, *pro se*, pursuant to Rules 54(b), 59(e) or 60(b) of the Federal Rules of Civil Procedure, hereby moves this Court for a vacation of its Order dismissing Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones for failure to demonstrate that his claim to a denial of access to the courts prevented him from presenting a meritorious claim to the Indiana Supreme Court challenging his conviction. In support of said motion, the Plaintiff would show the Court that the Order should be vacated and this claim be allowed to proceed against named Defendants for the following reasons:

### Reconsideration Standards

Rule 54(b) of the Federal Rules of Civil Procedure allows a court to exercise its inherent authority to reconsider non-final orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretions of the . . . judge"). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246,

251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N. D. Ill. 1996). A motion seeking relief under Rule 54(b), "as a general rule" it should be filed within "thirty days after the entry of the adjudication to which it relates." *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (internal quotation and citation omitted).

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Rule 59(e) allows a court to alter or amend its judgment if it has committed a manifest error of law. See *Obriecht*, 517 F.3d at 494. As indicated, a court may grant a motion to amend a judgment if the

judgment reflects a manifest error of the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

## Opinion and Screening Order

1. That on May 16, 2019, the Plaintiff filed his *Motion for Leave to Amend Complaint* and *Second Proposed Amended Complaint*. (*Id.* at Docket).

2. That on June 24, 2019, the Court issued its Opinion and Order granting an amendment. (*Id.* at Docket).

3. In addition, the Court screened the Plaintiff's *Second Proposed Amended Complaint* under 28 U.S.C. § 1915A.

**Court's Screening Order to Dismissal of Defendants in Count 4 of Complaint**

4. That the Plaintiff argues that the Court committed a manifest error of law in dismissing Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones in its screening Order for a failure to demonstrate that his claim to a denial of access to the courts prevented him from presenting a meritorious claim to the Indiana Supreme Court challenging his conviction. Specifically, the dismissal of Count 4 of the Plaintiff's *Second Proposed Amended Complaint* under *Bounds*.

5. That the Plaintiff argues this Court erred in its analysis of the facts or its application of the law under *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).

6. Therefore, the Plaintiff moves for reconsideration to the Court's Order dated June 24, 2019.

7. That granting the Plaintiff's requested relief would not cause any apparent prejudice as this case is still in the early stages of litigation.

8. That the Plaintiff's *Second Proposed Amended Complaint*, however, adds new allegations in support of a denial of access to the courts claims. Specifically, the Plaintiff alleges that he stated a claim upon which relief may be granted to a denial of access to the courts and that he lost a valid claim or defense because of his inability to access the courts. See *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

9. The Plaintiff's *Second Proposed Amended Complaint* states plausible access to the court and retaliation claims. Liberally construing these claims, as the Court must do for a plaintiff representing himself, the Court must conclude that these claims arise from the same factual background alleged in the original complaint (the alleged denial to access the courts).

10. Under these circumstances, the Court must construe the Plaintiff's *Motion for Leave to Amend Complaint* as a motion to amend the Complaint. The Court granted said motion and allowed the Plaintiff to proceed on the previously described retaliation claims, but, denied the Plaintiff to proceed on a claim to access the courts in Count 4. (*Id.* at Order, pgs. 1, 6 & 7).

11. That the Constitution protects a prisoner's right of access to the courts; state actors must respect that right by not impeding prisoners' efforts to pursue legal claims. *Lewis v. Casey*, 518 U.S. 343, 349-54, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Tarpley*, 312 F.3d at 899; *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). That right is violated when a prisoner is deprived of such access and suffers actual injury as a result. *Lewis*, 518 U.S. at 350.

12. That the Defendants prejudiced the Plaintiff with a denial to access the courts in order to file his *Petition to Transfer* to the Supreme Court of Indiana as the limited assistance of

counsel in his criminal case did *not* diminish his right to adequate legal resources and assistance for the purpose of pursuing his appeal challenging his conviction.

13. That on February 7, 2018, the Plaintiff received correspondence from his appellate attorney stating that she would no longer be representing the Plaintiff and advised the Plaintiff to his alternatives in filing his *Petition to Transfer* to the Supreme Court of Indiana. (*See* correspondence from Appellant Attorney Jennifer L. Koethe attached hereto).

14. That the Supreme Court held in *Ross v. Moffitt*, 417 U.S. 600, 610, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974), that the *Douglas* holding of a right to counsel on a first direct appeal as of right would *not* be extended to a discretionary second appeal from an intermediate state appellate court to the state court of last resort. As such, the Plaintiff in this case had no choice but to attempt a *pro se Petition to Transfer* to the state court of last resort on his own due to his indigency after his appellate attorney withdrew her appearance. (*Id.*). *See also Wainwright v. Torna*, 455 U.S. 586, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

15. Nevertheless, the Plaintiff did allege in his *Second Proposed Amended Complaint* that the alleged deprivations have caused him actual injury, and the Supreme Court held in *Lewis* that such an allegation is necessary. *See Lewis*, 518 U.S. at 350; 4 *see also Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) (holding that a prisoner must allege that "a lack of access to legal materials has undermined," or caused to founder, "a concrete piece of litigation"); *see also Christopher v. Harbury*, 536 U.S. 403, 413-15, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).

16. Although fact pleading is unnecessary, *see Pratt v. Tarr*, 464 F.3d 730, 731-32 (7th Cir. 2006), a prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a

conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The Plaintiff's *Second Proposed Amended Complaint does* articulate such a connection. (*Id.* at *Second Proposed Amended Complaint*, pgs. 21-23, ¶¶ 125-141).

17. Therefore, the Plaintiff has met the first element of an access-to-courts claim as he has alleged that Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones prevented him from accessing the law library. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).

18. Additionally, the Plaintiff has satisfied the second element of an access-to-courts claim as he was able to show "some quantum of detriment caused by the challenged conduct of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones (state officials) resulting in the interruption and/or delay of the Plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F.3d at 868.

19. That the Plaintiff argues he properly raised an access-to-courts claim in his pleadings in Count 4, thereby, satisfying the elements under *Bounds*. No claim is stated unless a prisoner can show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062, 113 S. Ct. 1002, 122 L. Ed. 2d 152 (1993). A complaint must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

20. That the Plaintiff's *First Amended Complaint* was flawed in that *no* mention as to how the Defendants' unjustified acts or conditions (by Defendants acting under the color of law) hindered his efforts to pursue a non-frivolous legal claim. *Nance v. Vieregge*, 147 F.3d 591, 590

(7th Cir. 1998), or how an actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996)(holding that *Bounds* didn't eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Instructions of the Seventh Circuit, 8.02 9rev. 2017).

21. That it appears in the Court's *Opinion and Screening Order* that the Plaintiff *"must"* somehow *prove* that his claim in Count 4 of his *Second Proposed Amended Complaint* to a violation of Indiana Criminal Rule 4(C) is not only meritorious but, a *"winner"* under *Bounds* in order to proceed against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones.

22. That *Bounds* recognized a right of access for those who seek adjudication, not just for sure winners or likely winners or possible winners. See *Bounds*, 430 U.S., at 824, 825, 828, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (describing the constitutional right of access without limiting the right to prisoners with meritorious claims); see also ante, at 354, 135 L. Ed. 2d, at 619 (describing the right of access even before *Bounds* as covering "a grievance that the inmate wished to present . . ." (citations omitted)).

23. The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977); *see also Engle v. State*, 467 N.E.2d 712, 715 (Ind. 1984), *Piper v. State*, 770 N.E.2d 880, 884-885 (Ind. Ct. App. 2002), *trans. denied*. However, the Supreme Court later noted that the right of access to courts was limited to "attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated" and to "civil rights actions[]--i.e.,

actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Lewis v. Casey*, 518 U.S. 343, 354, 116 S. Ct. 2174, 2182-2183, 135 L. Ed. 2d 606 (1996).

24. That insistence on a "nonfrivolous claim" rather than a "concrete grievance" as a standing requirement will do no more than guarantee a lot of preliminary litigation over nothing. There is no prison system so blessed as to lack prisoners with nonfrivolous complaints. They will always turn up, or be turned up, and one way or the other the *Bounds* litigation will occur.

25. Additionally this claim was to be proven to the Supreme Court of Indiana which is the last court of resort at the state level. At this time, the Plaintiff is *not* seeking collateral review in this Court in order to adjudicate said claim on its merits. As such, this Court would be mistaken in relying on a requirement that the Plaintiff *prove* that Indiana Criminal Rule 4(C) was violated under *Bounds*.

26. The right that *Bounds* acknowledged was the (already well-established) right of access to the courts. *E.g.*, *Bounds*, 430 U.S. at 817, 821, 828, 52 L. Ed. 2d 72, 97 S. Ct. 1491. In the cases to which *Bounds* traced its roots, the Court had protected that right by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents, e.g., *Johnson v. Avery*, 393 U.S. 483, 484, 489-490, 21 L. Ed. 2d 718, 89 S. Ct. 747 (1969), or file them, e.g., *Ex parte Hull*, 312 U.S. 546, 547-549, 85 L. Ed. 1034, 61 S. Ct. 640 (1941), and by requiring state courts to waive filing fees, e.g., *Burns v Ohio*, 360 U.S. 252, 258, 3 L. Ed. 2d 1209, 79 S. Ct. 1164 (1959), or transcript fees, e.g., *Griffin v Illinois*, 351 U.S. 12, 19, 100 L. Ed. 891, 76 S. Ct. 585, 55 ALR2d 1055 (1956), for indigent inmates. *Bounds* focused on the same entitlement of access to the courts. Nowhere does *Bounds* state that the Plaintiff is required to prove a "*winner*," but, only that he show an actual "*injury*."

27. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *Id.*, at 823, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

28. The Plaintiff has shown an actual *"injury"* by the Defendants' conduct as he claimed that he was unable to file his *Petition to Transfer* to the Supreme Court of Indiana by inadequacies of the prison's law library and deficiencies in the prison's legal assistance, and, as a result, was unable to file his *Petition to Transfer*. (*Id.* at *Second Proposed Amended Complaint*, pgs. 5-12, ¶¶ 23-70).

29. That the Court states in its Order that it relied on the opinion given by the Court of Appeals of Indiana to deny Count 4 of the Plaintiff's *Second Proposed Amended Complaint*. (*Id.* at Order, pg. 5).

30. That this Court goes on to state that the Plaintiff failed to offer an explanation as to the calculation of timelines found by the Court of Appeals of Indiana to a violation of Indiana Criminal Rule 4(C). (*Id.* at Order, pg. 5).

31. That it may be noted by this Court, that the Supreme Court of Indiana has vacated numerous opinions of the Court of Appeals of Indiana regarding calculations of timelines to violations of Indiana Criminal Rule 4(C). *Morrison v. State*, 555 N.E.2d 458, 463 (Ind. 1990). *See*

also *Huffman,* 502 N.E.2d at 907; *Pillars v. State* (1979), 180 Ind. App. 679, 684-85, 390 N.E.2d 679, 683 (improper to assume trial court complied with rule where docket entry did not state reason trial court set trial date beyond time limit).

32. In this case, the Court of Appeals of Indiana attributed all delays to the Defendant because the record is "devoid of any continuance by the court or parties" and objections. The Defendant claims that presuming his waiver from the silent record violates the general rule that the State has the burden of bringing a Defendant to trial within the one-year period. *Huffman v. State* (1987), Ind., 502 N.E.2d 906. In *State ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, the Court refused to hold a defendant accountable for a missed trial date for which there was no docket sheet entry of continuance or reason for no trial being held. *See Huffman,* 502 N.E.2d at 907; *Pillars v. State* (1979), 180 Ind. App. 679, 684-85, 390 N.E.2d 679, 683 (improper to assume trial court complied with rule where docket entry did not state reason trial court set trial date beyond time limit).

33. That the opinion by the Court of Appeals of Indiana charged the Defendant with several delays, again presuming his waiver from the passing without objections of the scheduled trial dates and from his failing to object to the setting of trial. As to the passing of several dates without trial and without objection, the Defendant *cannot* be penalized, as discussed in the preceding paragraph.

34. However, the record is unclear as to whether many of the delays cited by the Court of Appeals of Indiana as attributable to the Plaintiff should actually be attributed to him because the record does *not* specifically reflect that they were at his request in order to hire an attorney or for a continuance waiving Indiana Criminal Rule 4(C).

35. That the Plaintiff not only raised a meritorious claim to the calculation of timelines to a violation of Indiana Criminal Rule 4(C) in his Brief to the Court of Appeals of Indiana, but also in his *Second Amended Complaint*. (*Id.* at *Second Proposed Amended Complaint*, pgs. 21-22, ¶¶ 129-133).

36. In addition, it appears this Court overlooked the Plaintiff's claim to a *silent record* as to whether or not the Plaintiff objected or requested any of the continuances that would be attributed to him under Indiana Criminal Rule 4(C) for consideration on appeal in his *Second Proposed Amended Complaint*. (*Id.* at *Second Amended Complaint*, pg. 21, ¶ 131). This claim was also brought forth in Plaintiff's Brief to the Court of Appeals of Indiana to a violation of Indiana Criminal Rule 4(C). (*Id.* at Appellant's Brief, pgs. 9-15 attached hereto).

37. That the Plaintiff argues that this within itself is grounds for the Supreme Court of Indiana to have potentially accepted the Plaintiff's *Petition for Transfer* and vacate the decision of the Court of Appeals of Indiana as the Plaintiff *is* to receive a benefit due to a silent record as the trial court's docket reflects no entries by the clerk or court as to whether or not the Plaintiff objected or requested any of the continuances. (*Id.* at Court of Appeals of Indiana Memorandum Decision, pg. 5, footnote 3).

38. That it is apparent that the Plaintiff did *not* benefit from a *silent record* as reflected by the opinion of the Court of Appeals of Indiana to affirm.

39. Furthermore, even where there is a failure to act which amounts to a waiver, such event *cannot* be characterized as a delay. If within the allotted time a trial court acts to schedule a trial beyond the deadline then existing such that the Defendant's failure to object would amount to a waiver of his claim that such trial dates were beyond the time limit, *State ex rel. Henson*, 514 N.E.2d 838, the period embraced by these dates are *not* properly considered to be an inclusive time

period chargeable to the Defendant as delay. Therefore, the Plaintiff argues that the comprising days are *not* attributable to him under Indiana Criminal Rule 4(C).

40. In furtherance, the trial court judge in this case failed to include any *sua sponte* notations in the record as necessary for proper calculations to be determined due to a *silent record*.

41. That the Plaintiff moved for discharge under Criminal Rule 4(C) due to the time that had elapsed. It was overruled, and his trial commenced as finally scheduled. A defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires such that the court cannot reset the trial date within the time allotted by the rule. *Tomes*, 466 N.E.2d at 70.

42. Thus, the Plaintiff had a meritorious claim on appeal with *Petition to Transfer* as the Court of Appeals of Indiana erroneously attributed the delays to the Defendant. And under *Huffman v. State* (1987), Ind., 502 N.E.2d 906, 907, the Court of Appeals was to set aside the Defendant's conviction and negating the efforts and result of a jury trial as his conviction was clearly delineated in Indiana Criminal Rule 4(C). The Plaintiff, therefore, argues he was *not* brought to trial within the required time period and he was entitled to discharge when he so moved.

43. That the record established that the Defendant was not tried until more than three years after he was arrested. There were no docket entries in the record to explain why trial was not scheduled within the one-year period. The *silent record* could *not* be used to charge the Defendant with the delay. The trial court found that the Defendant waived any objection to a trial date scheduled for months after the one-year period expired because he made no objection to the date when it was scheduled. However, when the trial did not occur on that date, the Defendant had no

duty to object to the setting of a belated trial date after the one-year period expired. There was no delay chargeable to the Defendant and he was entitled to discharge.

44. Finally, there are no docket entries explaining why trial was not held, and the *silent record* cannot be used to charge the Defendant with the delay. *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461. The Defendant did not object to the setting of the trial date almost two years beyond the one year mark, and therefore waived any objection to trial occurring on or before May 1, 2017. *State, ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, 839. When trial, due to no delay chargeable to the Defendant, did not occur within one year of his arrest, the Defendant had no remaining duty, and he was entitled to discharge at any time. "A defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires such that the court cannot reset the trial date within the time allotted by the rule." *Morrison, supra,* at 463.

45. In considering the totality of the circumstances, the Plaintiff argues that he has made a sufficient showing that this Court erred in its analysis of the facts or its application of the law under *Bounds* to warrant relief.

**WHEREFORE**, the Plaintiff, respectfully requests that he be allowed to proceed against all Defendants in Count 4 in his *Second Proposed Amended Complaint*.

July 23, 2019

*Thomas R. Ganus*
Thomas R. Ganus
Plaintiff/Pro se

USDC IN/ND case 3:18-cv-00928-RLM-JEM document 29 filed 07/23/19 page 14 of 14


## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I, Thomas R. Ganus, do hereby certify that on this 23rd day of July 2019, I submitted a true and correct copy of *Plaintiff's Motion for Reconsideration* to the law library supervisor at the Indiana State Prison minimum security unit to electronically file with the Clerk of the Court of the United States District Court, Northern District of Indiana, South Bend Division, Robert A. Grant Federal Building & US Courthouse, 204 South Main Street, Room 102, South Bend, Indiana 46601.

In addition, I, Thomas R. Ganus, do hereby certify that on this 23rd day of July 2019, I mailed a true and correct copy of *Plaintiff's Proposed Scheduling Status Report* upon:

Deputy Attorney General
Kelly D. Cochran
Indiana Attorney General's Office
Indiana Government Center-South
Fifth Floor
302 West Washington Street
Indianapolis, IN 46204

by submitting same to a designated civilian employee of the Indiana Department of Corrections for prompt processing and placement in the U.S. Mail by authorized prison personnel within the facility mailroom, with sufficient first-class postage prepaid, and it shall be deemed **FILED** as of the date under *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988).

Respectfully submitted,

*Thomas R. Ganus*
Thomas R. Ganus
Plaintiff/Pro se
DOC #111462
Indiana State Prison/Outside
201 Woodlawn Avenue
Michigan City, IN 46360