Phone: (219) 344-5137   *Jennifer L. Koethe*   jkoethe@comcast.net

## Attorney at Law
P.O. Box 276
La Porte, IN 46352-0276

February 2, 2018

**LEGAL MAIL**
Thomas Ganus, #111462
Indiana State Prison, Minimum Unit
1 Park Row
Michigan City, IN 46360

Re:   Thomas Ganus v. State of Indiana

Dear Mr. Ganus:

I regret to inform you that the Indiana Court of Appeals has affirmed the trial court's decision in the above-captioned matter. A copy of the Court's decision is enclosed.

I am disappointed by this decision because I believe we raised some good arguments. However, you should understand that the trial court's rulings are entitled to a great deal of deference upon appeal.

**The issuance of the Court's opinion concludes my participation in your appellate process and I will not be taking any further action on your behalf.** It is my duty to advise you of what remedies may remain open to you at this time. You have two primary options should you wish to continue to pursue relief through direct appeal:

First, you can seek a rehearing of your case by the Indiana Court of Appeals. A Petition for Rehearing must be filed no later than thirty (30) days from the date of your decision, which was February 2, 2018. A petition for rehearing gives the appellate court an opportunity to correct its own omissions or errors. It is intended to be used to address specific problems in an appellate opinion (i.e., the Court has inadvertently failed to address an issue raised by the parties; the Court has misstated the facts of the case in a material way).

Second, you can seek a transfer of your case to the Indiana Supreme Court. A Petition to Transfer must be filed no later than thirty (30) days from the date of your decision, which was February 2, 2018, if no rehearing is sought. If rehearing is sought, it must be filed no later than thirty (30) days after the Court of Appeals disposition of the Petition for Rehearing. The Indiana Supreme Court is not required to hear your case. It will decide if it wishes to do so based on various considerations including whether the decision conflicts with another court decision, whether the decision decides an important question of law of great public importance, and whether the Court of Appeals has significantly departed from accepted law or practice.

IN THE INDIANA COURT OF APPEALS

**CASE NO. 46A03-1707-CR-1559**

| | | |
|---|---|---|
| THOMAS R. GANUS, | ) | Appeal from the La Porte Circuit Court |
| Appellant (Defendant below) | ) | |
| | ) | Trial Court Cause No.46C01-1409-F5-193 |
| v. | ) | |
| | ) | The Honorable Thomas Alevizos, Judge |
| STATE OF INDIANA, | ) | |
| Appellee (Plaintiff below) | ) | |

---

**APPELLANT'S BRIEF**

---

By: Jennifer L. Koethe #21619-46
Attorney for Appellant
P.O. Box 276
La Porte, Indiana 46352-0276
Telephone: (219) 344-5137
Fax (219) 325-3138
jkoethe@comcast.net

1

Brief of the Appellant Thomas Ganus

## TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………………….2

TABLE OF AUTHORITIES……………………………………………………………..........3

STATEMENT OF ISSUES……………………………………………………………………..4

STATEMENT OF THE CASE…………………………………………………………………4

STATEMENT OF FACTS………………………………………………………………….….7

SUMMARY OF ARGUMENT………………………………………………………………...8

STANDARD OF REVIEW………………………………………………………………….....8

ARGUMENT

    I    **The trial court erred when it failed to grant Mr. Ganus' Motion to Dismiss under Indiana Criminal Rule 4(C).** ………………………………………………9

CONCLUSION………………………………………………………………………………15

CERTIFICATE OF SERVICE………………………………………………………………..17

SENTENCING ORDER …………………………………………………………..…Attachment

ABSTRACT OF JUDGMENT…………………………………………………………..Attachment

Brief of the Appellant Thomas Ganus

## TABLE OF AUTHORITIES

### Cases

*Feuston v. State*, 953 N.E.2d 545 (Ind. Ct. App. 2011)..................................................9, 10

*Wheeler v. State*, 662 N.E.2d 192 (Ind. Ct. App. 1996)......................................................11

*Wood v. State*, 999 N.E.2d 1054 (Ind. Ct. App. 2013).....................................................9, 10

### Statutes

Ind. Code § 9-30-10-16.....................................................................................................4, 11

### Rules

Indiana Criminal Rule 4................................................................................................5-6, 8-16

Indiana Trial Rule 41(E)........................................................................................................5, 13

Brief of the Appellant Thomas Ganus

## I.  STATEMENT OF ISSUES

A. **Did the trial court error when it failed to grant Mr. Ganus' Motion to Dismiss under Indiana Criminal Rule 4(C)?**

## II.  STATEMENT OF CASE

On or about September 17, 2014, the government filed a Charging Information against Mr. Thomas Ganus, hereinafter referred to as "Mr. Ganus", alleging that he had committed the offense of Habitual Traffic Violator for Life, a Level 5 Felony, in violation of Indiana Code § 9-30-10-16. App. Vol. II, p. 18.

On September 14, 2014, Mr. Ganus posted a cash bond and on September 26, 2014, he appeared for an initial hearing, a plea of not guilty was entered, the matter was reset for an Attorney Appearance on November 7, 2014, an Omnibus Hearing was scheduled on December 5, 2014 and the Court issued a Discovery Order. App. Vol. II., p. 21-26. On November 7, 2014, Mr. Ganus appeared and the matter was reset for an Attorney Appearance Hearing on December 5, 2014. App. Vol. II, p. 27. On December 5, 2014, Mr. Ganus appeared and the matter was reset to January 23, 2015 on his motion to hire an attorney. App. Vol. II, p. 28. On January 23, 2015, Mr. Ganus appeared and the matter was reset to February 27, 2015 for an attorney appearance. App. Vol. II, p. 31. On February 27, 2015, Mr. Ganus appeared and the matter was reset to April 10, 2015 for an attorney appearance. App. Vol. II, p. 32. On April 10, 2015, Mr. Ganus appeared and the matter was reset to May 8, 2015 as a final continuance for an attorney appearance. App. Vol. II, p. 33. On May 8, 2015, Mr. Ganus failed to appear and a Bench Warrant was issued. App. Vol. II, p. 34.

4

Brief of the Appellant Thomas Ganus

The Bench Warrant was served on Mr. Ganus on September 10, 2015. App. Vol. II, p. 36-37. Mr. Ganus was given an additional bond on September 11, 2015, which was posted and the matter was reset for an attorney appearance on October 2, 2015. App. Vol. II, p. 38-43. On October 2, 2015, Attorney Tuszynski entered an appearance on behalf of Mr. Ganus, advised the Court that Mr. Ganus was incarcerated in the St. Joseph County Jail and the matter was continued to November 6, 2015. App. Vol. II, p. 44-47. Counsel appeared for Mr. Ganus on November 6, 2015 and moved to reset the matter for status on January 8, 2016, waiving Indiana Criminal Rule 4. App. Vol. II, p. 48. On January 8, 2016, Counsel appeared for Mr. Ganus and the matter was continued to February 19, 2016. App. Vol. II, p. 49-50. On February 19, 2016, Mr. Ganus appeared by Counsel and Counsel moved to continue the matter until April 8, 2016, waiving Indiana Criminal Rule 4. App. Vol. II, p. 51. On April 8, 2016, Counsel appeared for Mr. Ganus, requested a Transport Order for June 3, 2016 and Mr. Ganus appeared on June 3, 2016. App. Vol. II, p. 52-56. On June 21, 2016, the Court issued a new Transport Order resetting the matter for plea entry or trial setting on July 1, 2016. App. Vol. II, p. 57. On July 1, 2016, the matter was set for Trial on May 1, 2017. App. Vol. II, p. 58-60.

Mr. Ganus attempted to file motions with the Court which were rejected by the Court on September 20, 2016 because he was represented by Counsel. App. Vol. II, p. 61-62. On September 21, 2016, Mr. Ganus' Counsel filed a Motion to Withdraw, which was granted by the Court on October 28, 2016. App. Vol. II, p. 67-74. On October 28, 2016, Mr. Ganus, who was incarcerated in the Indiana State Prison requested a speedy trial and filed a written Motion for an Early Trial, a Motion to Dismiss under Indiana Trial Rule 41(E) and Indiana Criminal Rule 4(B) and a Motion to Release Bond on November 2, 2016. App. Vol. II, p. 75-83. On

Brief of the Appellant Thomas Ganus

November 17, 2016 the Court denied the request for an Early Trial and the Motion to Dismiss Charges. App. Vol. II, p. 84-86. Another Motion to Dismiss was filed by Mr. Ganus on November 21, 2016 and November 28, 2016. App. Vol. II, p. 89-95. The Court later denied the Motions in the Clerk's Chronological Case Summary as repetitive motions. App. Vol. II, p. 8. On March 2, 2017, Mr. Ganus filed a Motion to Quash an Affidavit or Information against the Petition on <u>Indiana Criminal Rule 4(C)</u> grounds. App. Vol. II, p. 101-106. On March 31, 2017, the Court Denied Mr. Ganus' Motion to Quash. App. Vol. II, p. 112-114. On March 24, 2017, a Public Defender was appointed to Mr. Ganus. App. Vol. II, p. 108-109. Mr. Ganus, pro se filed a Notice of Appeal on April 10, 2017, which was later denied by the Court for lack of subject matter jurisdiction as the matter had not been certified as interlocutory. App. Vol. II, p. 125-131, 206-207. The matter proceeded to trial on May 1, 2017 and Mr. Ganus was found guilty of Operating a Motor Vehicle After Driving Privileges were Forfeited for Life, a Level 5 Felony. App. Vol. II, p. 165-167.

A Pre-Sentence Investigation Report was prepared and filed with the Court on May 25, 2017. App. Vol. II, p. 211. An Argued Sentencing hearing was held on June 9, 2017. App. Vol. II, p. 213-214. After the hearing, the Court sentenced Mr. Ganus to four and a half (4 1/2) years in the Indiana Department of Correction with no time suspended, consecutive to the sentence Mr. Ganus was serving and the Court appointed a Public Defender to represent him in his appeal. App. Vol. II, p. 213-214.

On July 10, 2017, Mr. Ganus timely filed his Notice of Appeal. App. Vol. II, p. 224-229. The Clerk's Record was completed on September 18, 2017 and because the Court granted two extensions of time, this brief is timely filed. App. Vol. III, p. 4-13.

Brief of the Appellant Thomas Ganus

### III. STATEMENT OF FACTS

Trooper Vicki Maxwell, hereinafter "Trooper Maxwell" testified that she was on patrol on September 14, 2014 when she observed a blue Chevy Impala on the Indiana Toll Road at the 58.6 mile marker in La Porte County traveling at 86 miles per hour in a 70 mile an hour zone. Trans. Vol. III, p. 28-30. After conducting a traffic stop, the driver identified himself by an ID card as Mr. Ganus. Trans. Vol. III, p. 31. The female passenger and owner of the vehicle was identified as Amanda Banicki, hereinafter "Ms. Banicki". Trans. Vol. III, p. 34. Mr. Ganus was arrested for Operating a Vehicle With a Lifetime Suspension and Trooper Maxwell turned over custody of the vehicle to Ms. Banicki. Trans. Vol. III, p. 34. The State further admitted State's Exhibit 2, a certified copy of Mr. Ganus' driving record showing he was a Habitual Traffic Violator for Life effective August 30, 2004. Trans. Vol. III, p. 39 and 41. The State admitted State's Exhibits 3 and 4, certified copies of records from the St. Joseph County Jail and the St. Joseph County Court regarding the prior Habitual Traffic Violator conviction without objection. Trans. Vol. III, p. 43-48.

Ms. Banicki testified that she had begged Mr. Ganus to drive her vehicle on that date because she had fallen on her wrist was hurt and unable to drive. Trans. Vol. III, p. 57. Ms. Banicki further testified that she had taken Ativan for anxiety at some time around the stop by Trooper Maxwell, but was hysterical during the stop and told Trooper Maxwell about her pain. Trans. Vol. III, p. 58-59. However, at some point the Ativan kicked in and Ms. Banicki was able to drive the vehicle away from the scene. Trans. Vol. III, p. 59. Ms. Banicki saw a Doctor for her wrist the next day and had surgery two days later. Trans. Vol. III, 62-64.

7

Brief of the Appellant Thomas Ganus

Trooper Maxwell testified during rebuttal that she did not remember any discussion about Ms. Banicki's injury. Trans. Vol. III, p. 71. The jury was given an instruction on the defense of necessity. Trans. Vol. III, p. 84. During the course of the trial, Counsel for Mr. Ganus continually objected to the trial based on Mr. Ganus' previous Motion to Dismiss on <u>Indiana Criminal Rule 4(C) grounds</u>, which were denied by the Court. Trans. Vol. III, p. 25, 54 and 70. Mr. Ganus was found guilty of Operating a Motor Vehicle After Driving Privileges were Forfeited for Life, a Level 5 Felony. App. Vol. II, p. 165-167.

A Pre-Sentence Investigation Report was prepared and filed with the Court on May 25, 2017. App. Vol. II p. 211. An Argued Sentencing hearing was held on June 9, 2017. App. Vol. II, p. 213-214. After the hearing, the Court sentenced Mr. Ganus to four and a half (4 1/2) years in the Indiana Department of Correction with no time suspended, consecutive to the sentence Mr. Ganus was serving and the Court appointed a Public Defender to represent him in his appeal. App. Vol. II, p. 213-214.

### IV. SUMMARY OF THE ARGUMENT

The trial court errer when it failed to grant Mr. Ganus' Motion to Dismiss under Criminal Rule 4. As a result, this Court should reverse Mr. Ganus' conviction and dismiss this matter.

### V. ARGUMENT

#### I. **Standard of Review**

Brief of the Appellant Thomas Ganus

In deciding whether to grant or deny a motion for discharge, the trial court is given deference regarding factual determinations, however, legal conclusions are determined under a de novo standard of review. Wood v. State, 999 N.E.2d 1054, 1061 (Ind. Ct. App. 2013), *citing Feuston v. State, 953 N.E.2d 545, 548 (Ind. Ct. App. 2011).* Indiana Criminal Rule 4 embodies a Defendant's speedy trial rights and requires the State to bring the Defendant to trial within a year of being charged or arrested, subject to the outlined exceptions. Id. The Defendant has no obligation to remind the Court of the State's duty or take an affirmative action to protect that duty, however when moving for a discharge for violation of the rule the burden is on the Defendant to show that he has not timely been brought to trial and he has not caused the delay. Id.

### II. The trial court erred when it failed to grant Mr. Ganus' Motion to Dismiss under Indiana Criminal Rule 4(C).

**Pursuant to Indiana Criminal Rule 4:**

> "C) Defendant discharged. -- No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, than in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order which shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.
>
> **(D) Discharge for delay in trial -- When may be refused -- Extensions of time. --** If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be

9

Brief of the Appellant Thomas Ganus

had within ninety [90] days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety [90] days, he shall then be discharged.

**(E) Expiration of time.** -- When any time period established by the rule shall expire on a holiday or during vacation, the time so established shall be extended until the close of the next day when court is in session. This rule supersedes in part Burns' Stat., §§ 9-1402 -- 9-1404 (Repl. 1956).

**(F) Time periods extended.** -- When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby. However, if the defendant causes any such delay during the last thirty [30] days of any period of time set by operation of this rule, the state may petition the trial court for an extension of such period for an additional thirty [30] days.

**(G) Application.** -- This rule shall apply to all trial courts having criminal jurisdiction in the state of Indiana."

In deciding whether to grant or deny a motion for discharge, the trial court is given deference regarding factual determinations, however, legal conclusions are determined under a de novo standard of review. Wood v. State, 999 N.E.2d 1054, 1061 (Ind. Ct. App. 2013), *citing Feuston v. State, 953 N.E.2d 545, 548 (Ind. Ct. App. 2011).* Indiana Criminal Rule 4 embodies a Defendant's speedy trial rights and requires the State to bring the Defendant to trial within a year of being charged or arrested, subject to the outlined exceptions. Id. The Defendant has no obligation to remind the Court of the State's duty or take an affirmative action to protect that duty, however when moving for a discharge for violation of the rule the burden is on the Defendant to show that he has not timely been brought to trial and he has not caused the delay. Id.

Whether a delay in bringing a defendant to trial violates his speedy trial rights under

Brief of the Appellant Thomas Ganus

Indiana Criminal Rule 4 depends on the particular facts of each case and will be determined on a case by case basis. Wheeler vs. State, 662 N.E. 2d 192, 193-194 (Ind. Ct. App. 1996). If a defendant is responsible for the delay caused by his action, including seeking or acquiescing in a continuance, the one-year time frame will be extended if the continuance is caused by the Defendant's delay. Id.

In this case, Mr. Ganus was arrested on September 14, 2014, posted bond on the same date and charges were filed alleging that he had committed the offense of Habitual Traffic Violator for Life, a Level 5 Felony, in violation of Indiana Code § 9-30-10-16 on September 17, 2014. App. Vol. II, p. 18. In accordance with Indiana Criminal Rule 4(C), Mr. Ganus' speedy trial rights began on September 14, 2014, the date he was arrested.

Mr. Ganus appeared for an initial hearing on September 26, 2014, a plea of not guilty was entered, the matter was reset for an Attorney Appearance on November 7, 2014, an Omnibus Hearing was scheduled on December 5, 2014 and the Court issued a Discovery Order. App. Vol. II., p. 21-26. On November 7, 2014, Mr. Ganus appeared and the matter was reset for an Attorney Appearance Hearing on December 5, 2014. App. Vol. II, p. 27. The record is silent as to whether Mr. Ganus requested or objected to the continuances on September 26, 2014 and November 7, 2014 and eighty-two (82) days passed and no trial date was requested or set. App. Vol. II, p. 21-27. On December 5, 2014, Mr. Ganus appeared and the matter was reset to January 23, 2015 on his motion to hire an attorney. App. Vol. II, p. 28. On January 23, 2015, Mr. Ganus appeared and the matter was reset to February 27, 2015 for an attorney appearance. App. Vol. II, p. 31. On February 27, 2015, Mr. Ganus appeared and the matter was reset to April 10, 2015 for an attorney appearance. App. Vol. II, p. 32.

Brief of the Appellant Thomas Ganus

On April 10, 2015, Mr. Ganus appeared and the matter was reset to May 8, 2015 as a final continuance for an attorney appearance. App. Vol. II, p. 33. The record is silent as to whether Mr. Ganus requested or objected to the continuances on January 23, 2015, February 27, 2015 and April 10, 2015, one hundred and five (105) days passed and no trial date was set. App. Vol II, p. 28-33.

On May 8, 2015, Mr. Ganus failed to appear and a Bench Warrant was issued. App. Vol. II, p. 34. The Bench Warrant was served on Mr. Ganus on September 10, 2015. App. Vol. II, p. 36-37. Mr. Ganus was given an additional bond on September 11, 2015, which was posted and the matter was reset for an attorney appearance on October 2, 2015. App. Vol. II, p. 38-43. The record is silent as to whether Mr. Ganus requested the continuance or objected to the continuance, twenty-one (21) days passed and no trial date was set. On October 2, 2015, Attorney Tuszynski entered an appearance on behalf of Mr. Ganus, advised the Court that Mr. Ganus was incarcerated in the St. Joseph County Jail and the matter was continued to November 6, 2015. App. Vol. II, p. 44-47. The record is silent as to whether Mr. Ganus requested the continuance, thirty-five (35) days passed and no trial date was set. Counsel appeared for Mr. Ganus on November 6, 2015 and moved to reset the matter for status on January 8, 2016, waiving Indiana Criminal Rule 4. App. Vol. II, p. 48.

On January 8, 2016, Counsel appeared for Mr. Ganus and the matter was continued to February 19, 2016. App. Vol. II, p. 49-50. The record is silent as to whether Mr. Ganus requested the continuance, forty-two (42) days passed and no trial date was scheduled. On February 19, 2016, Mr. Ganus appeared by Counsel and Counsel moved to continue the matter until April 8, 2016, waiving Indiana Criminal Rule 4. App. Vol. II, p. 51.

12

Brief of the Appellant Thomas Ganus

On April 8, 2016, Counsel appeared for Mr. Ganus, requested a Transport Order for June 3, 2016 and Mr. Ganus appeared on June 3, 2016. App. Vol. II, p. 52-56. On June 21, 2016, the Court issued a new Transport Order resetting the matter for plea entry or trial setting on July 1, 2016. App. Vol. II, p. 57. The record is silent as to whether Mr. Ganus requested the continuances, eighty- four (84) days passed and no trial was set.

On July 1, 2016, the matter was set for Trial on May 1, 2017. App. Vol. II, p. 58-60. At the time, no objection was made as to the trial date. Mr. Ganus attempted to file motions with the Court which were rejected by the Court on September 20, 2016 because he was represented by Counsel. App. Vol. II, p. 61-62. On September 21, 2016, Mr. Ganus' Counsel filed a Motion to Withdraw, which was granted by the Court on October 28, 2016. App. Vol. II, p. 67-74. On October 28, 2016, Mr. Ganus, who was incarcerated in the Indiana State Prison requested a speedy trial and filed a written Motion for an Early Trial, a Motion to Dismiss under Indiana Criminal Rule 4(B), Indiana Trial Rule 41(E) and a Motion to Release Bond on November 2, 2016. App. Vol. II, p. 75-83. On November 17, 2016 the Court denied the request for an Early Trial and the Motion to Dismiss Charges. App. Vol. II, p. 84-86. The Court in its Order dated November 17, 2016 addressed Mr. Ganus' Motion for an Early Trial and Indiana Criminal Rule 4(B) matters, but did not address the Indiana Criminal Rule 4(C) matters, as only Indiana Trial Rule 41(E) and Indiana Criminal Rule 4(B) matters were raised regarding Mr. Ganus' later request for a speedy trial. App. Vol. II, p. 75-83. The Court denied the Motion for a Speedy Trial find Mr. Ganus' failure to object at the time the trial was set, that he was released from bond on the pending matter and serving a sentence from another Court. App. Vol. II, p. 84-86.

13

Brief of the Appellant Thomas Ganus

Another Motion to Dismiss was filed by Mr. Ganus on November 21, 2016 and November 28, 2016. App. Vol. II, p. 89-95. The Court later denied the Motions in the Clerk's Chronological Case Summary as repetitive motions. App. Vol. II, p. 8.

On March 2, 2017, Mr. Ganus filed a Motion to Quash an Affidavit or Information against the Petition on Indiana Criminal Rule 4(C), as well as constitutional grounds. App. Vol. II, p. 101-106. On March 31, 2017, the Court Denied Mr. Ganus' Motion to Quash attributing the delays to Mr. Ganus' appearances in Court without an attorney, failure to appear and incarceration in another County. App. Vol. II, p. 112-114.

However, the record is unclear as to whether many of the delays cited by the Court as attributable to Mr. Ganus should actually be attributed to Mr. Ganus because the record does not specifically reflect that they were at his request in order to hire an attorney or for a continuance waiving Indiana Criminal Rule 4(C).

The record is silent as to whether Mr. Ganus requested or objected to the continuances on September 26, 2014 and November 7, 2014 and eighty-two (82) days passed and no trial date was requested or set. App. Vol. II, p. 21-27. The record is silent as to whether Mr. Ganus requested or objected to the continuances on January 23, 2015, February 27, 2015 and April 10, 2015, one hundred and five (105) days passed and no trial date was set. App. Vol. II, p. 28-33. On May 8, 2015, Mr. Ganus failed to appear and a Bench Warrant was issued. App. Vol. II, p. 34. The Bench Warrant was served on Mr. Ganus on September 10, 2015. App. Vol. II, p. 36-37. Mr. Ganus was given an additional bond on September 11, 2015, which was posted and the matter was reset for an attorney appearance on October 2, 2015. App. Vol. II, p. 38-43. The record is silent as to whether Mr. Ganus requested the continuance or objected to the

Brief of the Appellant Thomas Ganus

continuance, twenty-one (21) days passed and no trial date was set. On October 2, 2015, Attorney Tuszynski entered an appearance on behalf of Mr. Ganus, advised the Court that Mr. Ganus was incarcerated in the St. Joseph County Jail and the matter was continued to November 6, 2015. App. Vol. II, p. 44-47. The record is silent as to whether Mr. Ganus requested the continuance, thirty-five (35) days passed and no trial date was set. On January 8, 2016, Counsel appeared for Mr. Ganus and the matter was continued to February 19, 2016. App. Vol. II, p. 49-50. The record is silent as to whether Mr. Ganus requested the continuance, forty-two (42) days passed and no trial date was scheduled. On April 8, 2016, Counsel appeared for Mr. Ganus, requested a Transport Order for June 3, 2016 and Mr. Ganus appeared on June 3, 2016. App. Vol. II, p. 52-56. On June 21, 2016, the Court issued a new Transport Order resetting the matter for plea entry or trial setting on July 1, 2016. App. Vol. II, p. 57. The record is silent as to whether Mr. Ganus requested the continuances, eighty-four (84) days passed and no trial was set. On July 1, 2016, the matter was set for Trial on May 1, 2017. App. Vol. II, p. 58-60. At the time, no objection was made as to the trial date. The trial date was scheduled three hundred and three (303) days later, together with the three hundred and sixty-nine (369) days where the record is vague and ambiguous as to whether Mr. Ganus requested the continuances or waived <u>Indiana Criminal Rule 4(C)</u> and the State is well beyond the one-year requirements to bring Mr. Ganus to trial. Further, at any point while the continuances were occurring the State could have requested that the matter be set for trial or the Court could have appointed Mr. Ganus counsel in order to proceed to trial. As a result, Mr. Ganus' rights to be brought to trial under <u>Indiana Criminal Rule 4(C)</u> have been violated and this Court should reverse the conviction and dismiss the charge.

## **CONCLUSION**

Brief of the Appellant Thomas Ganus

Mr. Ganus respectfully requests that this Court find that his rights under <u>Indiana Criminal Rule 4(C)</u> have been violated, that this Court reverse his conviction and dismiss the charge and for all other just and appropriate relief.

Respectfully Submitted,

*/s/ Jennifer L. Koethe*

Jennifer L. Koethe, #21619-46
Attorney for Thomas Ganus
P.O. Box 276
La Porte, IN 46352-0276
Telephone: (219) 344-5137
Fax: (219) 325-3138
jkoethe@comcast.net

Brief of the Appellant Thomas Ganus

## ATTORNEY'S CERTIFICATE OF SERVICE

I certify that on the 30th day of November, 2017, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the following persons were electronically served with the foregoing document:

Mr. Curtis Hill, Indiana Attorney General
efile@atg.in.gov

By: _____
Jennifer L. Koethe, #21619-46