UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS R. GANUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:18-cv-928-RLM-JEM |
| ) | |
| KIMBERLY CREASY, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

**COMES NOW** the Plaintiff, Thomas R. Ganus, *pro se*, pursuant to Rules 54(b), 59(e) or 60(b) of the Federal Rules of Civil Procedure, hereby moves this Court for a vacation of its Order dismissing Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones for failure to demonstrate that his claim to a denial of access to the courts prevented him from presenting a meritorious claim to the Indiana Supreme Court challenging his conviction. In support of said motion, the Plaintiff would show the Court that the Order should be vacated and this claim be allowed to proceed against named Defendants for the following reasons:

### Reconsideration Standards

Rule 54(b) of the Federal Rules of Civil Procedure allows a court to exercise its inherent authority to reconsider non-final orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretions of the . . . judge"). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246,

1

251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N. D. Ill. 1996). A motion seeking relief under Rule 54(b), "as a general rule" it should be filed within "thirty days after the entry of the adjudication to which it relates." *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (internal quotation and citation omitted).

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Rule 59(e) allows a court to alter or amend its judgment if it has committed a manifest error of law. See *Obriecht*, 517 F.3d at 494. As indicated, a court may grant a motion to amend a judgment if the

2

judgment reflects a manifest error of the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

1. That on May 16, 2019, the Plaintiff filed his *Motion for Leave to Amend Complaint* and *Second Proposed Amended Complaint* (hereinafter "*Second Amended Complaint*). (*Id.* at Docket).

2. That on June 24, 2019, the Court issued its Opinion and Order granting an amendment. (*Id.* at Docket).

3. In addition, the Court screened the Plaintiff's *Second Proposed Amended Complaint* under 28 U.S.C. § 1915A.

## Opinion and Order Dismissing Defendants in Count 4 of Plaintiff's Second Amended Complaint

4. That the Plaintiff argues that the Court committed a manifest error of law in dismissing Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones in its screening Order for a failure to demonstrate that his claim to a denial of access to the courts prevented him from presenting a meritorious claim to the Indiana Supreme Court challenging his conviction. Specifically, the dismissal of Count 4 of the Plaintiff's *Second Proposed Amended Complaint* under *Bounds*.

5. That the Plaintiff argues this Court erred in its analysis of the facts or its application of the law under *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).

6. Therefore, the Plaintiff moves for reconsideration to the Court's Order dated June 24, 2019.

3

7. That granting the Plaintiff's requested relief would not cause any apparent prejudice as this case is still in the early stages of litigation. (*Id.* at Docket).

8. That the Plaintiff's *Second Amended Complaint*, however, adds new allegations in support of an access-to-courts claim. Specifically, the Plaintiff alleges that he stated a claim upon which relief may be granted to an access-to-courts claim and that he lost a valid claim or defense because of his inability to access the courts. See *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

9. That the Plaintiff's *Second Amended Complaint* states plausible access to the courts and retaliation claims. Liberally construing these claims, as the Court must do for a plaintiff representing himself, the Court must conclude that these claims arise from the same factual background alleged in the original complaint (the alleged denial to access the courts).

10. Under these circumstances, the Court must construe the Plaintiff's *Motion for Leave to Amend Complaint* as a motion to amend the Complaint. The Court granted said motion and allowed the Plaintiff to proceed on the previously described retaliation claims, but, denied the Plaintiff to proceed on an access-to-courts claim in <u>Count 4</u> of his *Second Amended Complaint* (*Id.* at Order, pgs. 1, 6 & 7).

11. That the Constitution protects a prisoner's right of access to the courts; state actors must respect that right by not impeding prisoners' efforts to pursue legal claims. *Lewis v. Casey*, 518 U.S. 343, 349-54, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Tarpley*, 312 F.3d at 899; *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). That right is violated when a prisoner is deprived of such access and suffers actual *injury* as a result. *Lewis*, 518 U.S. at 350.

12. That the Defendants prejudiced the Plaintiff with a denial to access the courts in order to file his *Petition to Transfer* to the Supreme Court of Indiana as the limited assistance of

counsel in his criminal case did *not* diminish his right to adequate legal resources and assistance for the purpose of pursuing his appeal challenging his conviction.

13. That on February 2, 2018, Appellate Attorney Jennifer L. Koethe mailed the Plaintiff correspondence notifying the Plaintiff that she would no longer be representing the Plaintiff and advised the Plaintiff to his options in filing his *Petition to Transfer* to the Supreme Court of Indiana. (*See* correspondence by Jennifer L. Koethe attached hereto).

14. That the United States Supreme Court held in *Ross v. Moffitt*, 417 U.S. 600, 610, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974), that the *Douglas*, holding of a right to counsel on a first direct appeal as of right would *not* be extended to a discretionary second appeal from an intermediate state appellate court to the state court of last resort. As such, the Plaintiff in this case had *no* choice but to attempt a *pro se Petition to Transfer* to the state court of last resort on his own due to his indigency after his appellate attorney withdrew her appearance. See *Douglas*, 417 U.S. at 619. See also *Wainwright v. Torna,* 455 U.S. 586, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982); *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000).

15. Nevertheless, the Plaintiff did allege in his *Second Amended Complaint* that the alleged deprivations have caused him actual *injury*, and the United States Supreme Court held in *Lewis* that such an allegation is necessary. *See Lewis*, 518 U.S. at 350; 4 *see also Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) (holding that a prisoner must allege that "a lack of access to legal materials has undermined," or caused to founder, "a concrete piece of litigation"); see also *Christopher v. Harbury*, 536 U.S. 403, 413-15, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). (*See Generally Second Amended Complaint*).

16. Although fact pleading is unnecessary, *see Pratt v. Tarr*, 464 F.3d 730, 731-32 (7th Cir. 2006), a prisoner's complaint must "spell out, in minimal detail, the connection between the

5

alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The Plaintiff <u>*does*</u> articulate such a connection in his *Second Amended Complaint*. (*Id.* at *Second Amended Complaint*, pgs. 21-23, ¶¶ 125-141).

17. Therefore, the Plaintiff has met the first element of an access-to-courts claim as he has alleged that Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones prevented him from accessing the law library in order to challenge his conviction with a *Petition to Transfer* to the Supreme Court of Indiana in <u>Count 4</u> of his *Second Amended Complaint*. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). (See also *Generally Second Amended Complaint*).

18. Additionally, the Plaintiff has satisfied the second element of an access-to-courts claim as he was able to show "some quantum of detriment caused by the challenged conduct of Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones (state officials) resulting in the interruption and/or delay of the Plaintiff's pending or *contemplated* litigation" in order to challenge his conviction with a *Petition to Transfer* to the Supreme Court of Indiana in <u>Count 4</u> of his *Second Amended* Complaint. *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Lehn*, 364 F.3d at 868. (See also *Generally Second Amended Complaint*).

***Bounds v. Smith***

19. That the Plaintiff argues he properly raised an access-to-courts claim in his pleadings in <u>Count 4</u> of his *Second Amended Complaint*, thereby, satisfying the elements under *Bounds*. No claim is stated unless a prisoner can show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062, 113 S. Ct. 1002, 122 L. Ed. 2d 152 (1993). A complaint must explain "the connection between the alleged

denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

20. That the Plaintiff's *First Amended Complaint* was flawed in that <u>no</u> mention as to how the Defendants' unjustified acts or conditions (by Defendants acting under the color of law) hindered his efforts to pursue a non-frivolous legal claim. *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), or how an actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* didn't eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Instructions of the Seventh Circuit, 8.02 9rev. 2017).

21. That it appears in the Court's *Opinion and Order* that the Plaintiff "<u>*must*</u>" somehow "<u>*prove*</u>" that his claim in <u>Count 4</u> of his *Second Amended Complaint* to a violation of Indiana Criminal Rule 4(C) is not only meritorious but, a "<u>*winner*</u>" under *Bounds* in order to proceed against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones.

22. That *Bounds* recognized a right of access for those who seek adjudication, <u>*not*</u> just for <u>*sure winners*</u> or <u>*likely winners*</u> or <u>*possible winners*</u>. See *Bounds*, 430 U.S., at 824, 825, 828, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (describing the constitutional right of access without limiting the right to prisoners with meritorious claims); see also ante, at 354, 135 L. Ed. 2d, at 619 (describing the right of access even before *Bounds* as covering "a grievance that the inmate wished to present . . ." (citations omitted)). That insistence on a "nonfrivolous claim" rather than a "concrete grievance" as a standing requirement will do no more than guarantee a lot of preliminary litigation over nothing. There is no prison system so blessed as to lack prisoners with nonfrivolous

7

complaints. They will always turn up, or be turned up, and one way or the other the *Bounds* litigation will occur.

23. That this claim was to be proven to the Supreme Court of Indiana which is the last court of resort at the state level. At this time, the Plaintiff is <u>*not*</u> seeking collateral review in this Court in order to adjudicate said claim on its merits. As such, this Court would be mistaken in relying on a requirement that the Plaintiff "<u>*prove*</u>" a "<u>*winner*</u>" to a violation of Indiana Criminal Rule 4(C) under *Bounds*. Nowhere does *Bounds* state that the Plaintiff <u>*is*</u> required to prove a "<u>*winner*</u>" but, only that he show an actual *injury*.

24. The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977); *see also Engle v. State*, 467 N.E.2d 712, 715 (Ind. 1984), *Piper v. State*, 770 N.E.2d 880, 884-885 (Ind. Ct. App. 2002), *trans. denied*.

25. However, the United States Supreme Court later noted that the right of access to courts was limited to "attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated" and to "civil rights actions[]--i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Lewis v. Casey*, 518 U.S. 343, 354, 116 S. Ct. 2174, 2182-2183, 135 L. Ed. 2d 606 (1996).

26. The right that *Bounds* acknowledged was the (already well-established) right of access to the courts. *E.g., Bounds*, 430 U.S. at 817, 821, 828, 52 L. Ed. 2d 72, 97 S. Ct. 1491. In the cases to which *Bounds* traced its roots, the Court had protected that right by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents, e.g.,

*Johnson v. Avery*, 393 U.S. 483, 484, 489-490, 21 L. Ed. 2d 718, 89 S. Ct. 747 (1969), or file them, e.g., *Ex parte Hull*, 312 U.S. 546, 547-549, 85 L. Ed. 1034, 61 S. Ct. 640 (1941), and by requiring state courts to waive filing fees, e.g., *Burns v Ohio*, 360 U.S. 252, 258, 3 L. Ed. 2d 1209, 79 S. Ct. 1164 (1959), or transcript fees, e.g., *Griffin v Illinois*, 351 U.S. 12, 19, 100 L. Ed. 891, 76 S. Ct. 585, 55 ALR2d 1055 (1956), for indigent inmates. *Bounds* focused on the same entitlement of access to the courts.

27. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *Id.*, at 823, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

28. The Plaintiff has shown an actual *injury* by the Defendants' conduct as he claimed that he was unable to file his *Petition to Transfer* to the Supreme Court of Indiana by inadequacies of the prison's law library and deficiencies in the prison's legal assistance, and, as a result, was unable to file his *Petition to Transfer*. (*Id.* at *Second Amended Complaint*, pgs. 5-12, ¶¶ 23-70). Not to mention retaliatory actions by Defendants Creasy and Jones to deny the Plaintiff total access to the Courts for filing complaints and offender grievances as alleged in <u>Counts 2 & 3</u> in his *Second Amended Complaint*. (*Id.*).

29. That it appears this Court heavily relied on, referred to and copiously quoted the opinion by the Court of Appeals of Indiana in its Order to deny the Plaintiff to proceed against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones (state officials) in Count 4 of his *Second Amended Complaint*. (*Id.* at Order, pg. 5).

30. That the Plaintiff argues that for this Court to solely rely on the opinion of the Court of Appeals of Indiana as its basis to deny the allegations in the Plaintiff's access-to-courts claim in Count 4 of his *Second Amended Complaint* is biased and prejudicial within itself as proven by previous opinions by the Supreme Court of Indiana to vacate opinions by the Court of Appeals of Indiana regarding timeline calculations concerning violations to Indiana Criminal Rule 4(C).

31. The Plaintiff incorrectly assumed that this Court was aware of existing Supreme Court of Indiana case laws supporting his position to a *silent record* and its application thereof when alleging a *silent record* to the trial court's docket pertaining to his criminal case as alleged in his *Second Amended Complaint*. (*Id.* at *Second Amended Complaint*, pg. 22, ¶ 133).

32. That it may be noted by this Court, that the Supreme Court of Indiana has vacated numerous opinions of the Court of Appeals of Indiana regarding calculations of timelines to violations of Indiana Criminal Rule 4(C). *Morrison v. State*, 555 N.E.2d 458, 463 (Ind. 1990). *See also Huffman*, 502 N.E.2d at 907; and *Pillars v. State* (1979), 180 Ind. App. 679, 684-85, 390 N.E.2d 679, 683.

### Explanation to Calculation of Timelines in Criminal Case

33. That this Court goes on to state that the Plaintiff failed to offer an explanation as to the calculation of timelines found by the Court of Appeals of Indiana to a violation of Indiana Criminal Rule 4(C). (*Id.* at Order, pg. 5).

34. In this case, the Court of Appeals of Indiana attributed all delays to the Defendant because the record is "devoid of any continuance by the court or parties" and objections. The Defendant claims that presuming his waiver from the *silent record* violates the general rule that the State has the burden of bringing a defendant to trial within the one-year period. *Huffman v. State* (1987), Ind., 502 N.E.2d 906.

35. In *State ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, the Court refused to hold a defendant accountable for a missed trial date for which there was no docket sheet entry of continuance or reason for no trial being held. *See Huffman,* 502 N.E.2d at 907; *Pillars v. State* (1979), 180 Ind. App. 679, 684-85, 390 N.E.2d 679, 683 (improper to assume trial court complied with rule where docket entry did not state reason trial court set trial date beyond time limit).

36. That the opinion by the Court of Appeals of Indiana charged the Defendant with several delays, again presuming his waiver from the passing without objections of the scheduled trial dates and from his failing to object to the setting of trial. As to the passing of several dates without trial and without objection, the Defendant <u>cannot</u> be penalized, as discussed in the preceding paragraph.

37. However, the record is unclear as to whether many of the delays cited by the Court of Appeals of Indiana as attributable to the Defendant should actually be attributed to him because the record does <u>not</u> specifically reflect that they were at his request in order to hire an attorney or for a continuance waiving Indiana Criminal Rule 4(C). (*Id.* at Docket, Cause No. 46C01-1409-F5-00193).

38. That the Defendant not only raised a meritorious claim to the calculation of timelines for a violation of Indiana Criminal Rule 4(C) in Appellant's Brief to the Court of Appeals

11

of Indiana, but also in Plaintiff's *Second Amended Complaint*. (*Id.* at *Second Amended Complaint*, pgs. 21-22, ¶¶ 129-133).

39. In addition, it appears this Court overlooked the Plaintiff's viable claim to a *silent record* in Count 4 of his *Second Amended Complaint* as to whether or not the Defendant objected or requested any of the continuances that would be attributed to him under Indiana Criminal Rule 4(C) for consideration on appeal. (*Id.* at *Second Amended Complaint*, pg. 21, ¶ 131). This viable claim was also brought forth in Appellant's Brief to the Court of Appeals of Indiana to a violation of Indiana Criminal Rule 4(C). (*Id.* at Appellant's Brief, pgs. 9-15 attached hereto).

40. That the Plaintiff argues that this within itself *is* grounds for the Supreme Court of Indiana to have potentially accepted the Plaintiff's *Petition for Transfer* and vacate the decision of the Court of Appeals of Indiana as the Defendant *is* to benefit due to a *silent record* as the trial court's docket reflects *no* entries by the clerk or court as to whether or not the Defendant objected or requested any of the continuances. (*Id.* at Court of Appeals of Indiana Memorandum Decision, pg. 5, n. 3 & Docket, Cause No. 46C01-1409-F5-00193).

41. That it is apparent that the Defendant did *not* benefit from a *silent record* as reflected by the opinion of the Court of Appeals of Indiana to affirm.

42. Furthermore, even where there is a failure to act which amounts to a waiver, such event *cannot* be characterized as a delay. If within the allotted time a trial court acts to schedule a trial beyond the deadline then existing such that the defendant's failure to object would amount to a waiver of his claim that such trial dates were beyond the time limit, *State ex rel. Henson*, 514 N.E.2d 838, the period embraced by these dates are *not* properly considered to be an inclusive time period chargeable to the defendant as delay.

12

43. In furtherance, the trial court judge in this case failed to include any *sua sponte* notations in the record as necessary for proper calculations to be determined due to a *silent record*.

44. That the Defendant moved for discharge under Indiana Criminal Rule 4(C) due to the time that had elapsed. It was overruled, and his trial commenced as finally scheduled. A defendant has *no* duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires such that the court *cannot* reset the trial date within the time allotted by the rule. *Tomes*, 466 N.E.2d at 70.

45. Thus, the Defendant had a meritorious claim on appeal with *Petition to Transfer* as the Court of Appeals of Indiana erroneously attributed the delays to the Defendant. And under *Huffman v. State* (1987), Ind., 502 N.E.2d 906, 907, the Court of Appeals was to set aside the Defendant's conviction and negating the efforts and result of a jury trial as his conviction was clearly delineated in Indiana Criminal Rule 4(C). Therefore, the Defendant was *not* brought to trial within the required time period and he was entitled to discharge when he so moved. Thus, the comprising days are *not* attributable to him under Indiana Criminal Rule 4(C).

46. That the record established that the Defendant was *not* tried until more than three years after he was arrested. There were *no* docket entries in the record to explain why trial was not scheduled within the one-year period. (*Id.*). The *silent record cannot* be used to charge the Defendant with the delay. *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461. The Defendant did not object to the setting of the trial date almost two years beyond the one year mark, and therefore waived any objection to trial occurring on or before May 1, 2017. *State, ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, 839. When trial, due to no delay chargeable to the Defendant, did not occur within one year of his arrest, the Defendant had *no*

remaining duty, and he was entitled to discharge at any time. "A defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires such that the court <u>cannot</u> reset the trial date within the time allotted by the rule." *Morrison, supra*, at 463.

47. In considering the totality of the circumstances surrounding the Defendant's criminal case, the Defendant had a viable claim to a violation of Indiana Criminal Rule 4(C) on appeal. The Plaintiff was denied access to the courts by Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones as alleged in <u>Count 4</u> of the Plaintiff's *Second Amended Complaint*. Had the Plaintiff been able to access the courts and prison's law library in order to timely prepare his *Petition to Transfer* to the Supreme Court of Indiana, he stood a very good chance to have obtained victory according to well established case law in the Indiana courts concerning a *silent record* to a court's docket showing *no* entries as to whether or not the Defendant <u>requested</u> or <u>objected</u> to any continuances and/or trial date as discussed in the preceding paragraphs.

48. Therefore, the Plaintiff argues that he has made a sufficient showing that this Court erred in its analysis of the facts or its application of the law under *Bounds* to warrant relief.

**WHEREFORE**, the Plaintiff, respectfully requests that he be allowed to proceed against Defendants Neal, Newkirk, Thatcher, Williams, Leonard, Creasy and Jones in <u>Count 4</u> of his *Second Amended Complaint*.

July 26, 2019

/s/ Thomas R. Ganus
Thomas R. Ganus
Plaintiff/Pro se

14

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I, Thomas R. Ganus, do hereby certify that on this 26th day of July 2019, I submitted a true and correct copy of *Plaintiff's Proposed Scheduling Status Report* to the law library supervisor at the Indiana State Prison minimum security unit to electronically file with the Clerk of the Court of the United States District Court, Northern District of Indiana, South Bend Division, Robert A. Grant Federal Building & US Courthouse, 204 South Main Street, Room 102, South Bend, Indiana 46601.

In addition, I, Thomas R. Ganus, do hereby certify that on this 26th day of July 2019, I mailed a true and correct copy of *Plaintiff's Proposed Scheduling Status Report* upon:

Deputy Attorney General
Kelly D. Cochran
Indiana Attorney General's Office
Indiana Government Center-South
Fifth Floor
302 West Washington Street
Indianapolis, IN 46204

by submitting same to a designated civilian employee of the Indiana Department of Corrections for prompt processing and placement in the U.S. Mail by authorized prison personnel within the facility mailroom, with sufficient first-class postage prepaid, and it shall be deemed **FILED** as of the date under *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988).

Respectfully submitted,

_____
Thomas R. Ganus
Plaintiff/Pro se
DOC #111462
Indiana State Prison/Outside
201 Woodlawn Avenue
Michigan City, IN 46360