UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS R. GANUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:18-cv-00928-RLM-JEM |
| KIMBERLY CREASY, et al., | ) ) ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION(S) TO RECONSIDER**

On June 24, 2019, this Court performed its obligation under 28 U.S.C. § 1915A by reviewing the Plaintiff's proposed second amended complaint, [ECF 17], and entered its Opinion and Order dismissing all claims and parties except for Plaintiff's First Amendment Retaliation Claim against State Defendants Creasy and Jones, [ECF 20]. Now, Plaintiff files his Motion(s) to Reconsider and specifically asks this Court to reverse its decision to dismiss Plaintiff's Count IV – an access to courts claim – because, in essence, Plaintiff asserts this Court misunderstood the law. [ECF 29, 30.] This Court should reject the Plaintiff's invitation to revisit its screening order and deny Plaintiff his requested relief. Defendants Kimberly Creasy and Erin Jones, by counsel, respectfully request this Court deny Plaintiff's Motions to Reconsider, [ECF 29, 30], and for all other just and proper relief.

**THE COURT PROPERLY DISMISSED COUNT IV**

Plaintiff's access to courts claim revolves around his failure to timely file a transfer petition from the Indiana Court of Appeals to the Indiana Supreme Court in his criminal case. At issue in his appeal was whether or not the State violated the speedy trial rule under Indiana Criminal Rule 4(C). The Indian Court of Appeals' decision was that the record did not support Plaintiff's claim

that Rule 4(C) was violated. *Ganus v. State*, 96 N.E.3d 127, 2018 WL 669125 * 3 (Ind. App. 2018). In essence, the Indiana Court of Appeals held Plaintiff's actions contributed to the delay of his trial. *Id.* Accordingly, when reviewing the Plaintiff's second amended complaint, this Court's decision, in short, was that Plaintiff has not "demonstrated that the claim he was prevented from presenting to the Indiana Supreme Court was meritorious." [ECF 20, p. 5.] Specifically, Plaintiff "offered no explanation of why he believes the calculations of the Court of Appeals are incorrect." [*Id*.]

It appears that Plaintiff did not intend to file the first Motion for Reconsideration, [ECF 29], and instead meant the second Motion, [ECF 30] (filed July 26, 2019), to be the operative Motion. [See ECF 30-1.] There are differences between them, but nothing substantive. Largely the crux of Plaintiff's contention is that he "incorrectly assumed that this court was aware of existing Supreme Court of Indiana case laws supporting his position to a *silent record* and its application thereof." [ECF 30, p. 10, ¶ 31.] Basically, Plaintiff's "silent record" theory is that where the trial court record is silent as to whether or not the Plaintiff requested or objected to continuance that the "silence" cannot be held against him. [*Id*. at p. 12, ¶ 39.] Plaintiff, in focusing too much on the minutia of his "silence" theory, cannot see the forest for the trees. It is his actions that matter.

THE COURT OF APPEALS' DECISION

Broadly speaking, in 2004, the Indiana Supreme Court clarified discrepancies found within the various former Indiana appellate districts by clarifying the rule that "delays caused by action taken by the defendant are chargeable to the defendant regardless of whether a trial date has been set." *Cook v. State*, 810 N.E.2d 1064, 1067 (Ind. 2004). Using *Cook* as a bulwark, when reviewing the Plaintiff's criminal appeal in *Ganus*, the Indiana Court of Appeals specifically examined the

timeline of events in order to calculate what delays are or are not chargeable to the Plaintiff. *Ganus,* 2018 WL 669125 at * 2.  To do so, the Court of Appeals reviewed the trial court record that included a record of Plaintiff's actions – his appearances without an attorney, his failure to appear and subsequent arrest, and requests for continuances by Plaintiff's (eventually retained) attorney. *Id*.

When reviewing a criminal defendant's Criminal Rule 4 challenge, the Indiana Court of Appeals performs a two-tiered review: 1) de novo for any question of law and 2) deference to trial court's finding of facts. *Id*.; *Austin v. State*, 997 N.E. 2d 1027, 1039-40 (Ind. 2013).  Where a criminal defendant fails to obtain counsel or request court-appointed counsel, the delay in proceedings is chargeable to the criminal defendant.  *See Thomas v. State,* 491 N.E.2d 529, 530-31 (Ind. 1986) (four-day delay attributable to defendant's request for appointment of new counsel was delay attributable to defendant which extended one-year time limitation); *Terry v. State*, 602 N.E.2d 535, 543-44 (Ind. Ct. App. 1992) (delay due to newly appointed counsel attributable to the defendant).  A criminal defendant failing to appear at a hearing necessitating a bench warrant and his subsequent arrest is also attributable to the criminal defendant.  See *Fuller v. State*, 995 N.E.2d 661, 664-66 (Ind. Ct. App. 2013) (Statutory speedy trial clock was tolled absent any evidence establishing that county prosecutor or trial court were actually aware of defendant's return to state's custody prior to such date).  And, certainly, Plaintiff's attorney's own requests for continuances must be charged to the Plaintiff.  *Todisco v. State*, 965 N.E.2d 753, 755 (Ind. Ct. App. 2012); *Caldwell v. State,* 922 N.E.2d 1286, 1288 (Ind. Ct. App. 2010)

In *Ganus*, as this Court notes, "the Court of Appeals of Indiana explained the timeline in detail."  [ECF 20, p. 5.]  But, it is important here to come full circle to the bulwark upon which the Indiana Court of Appeals first rely: "delays caused by action taken by the defendant are chargeable

3

to the defendant." *Cook,* 810 N.E.2d at 1067 (Ind. 2004). Importantly, the Indiana Court of Appeals did not cite to a case that requires each delay to be approved or objected to by the criminal defendant. Rather, the standard looks at the criminal defendant's actions – not a recording of his or her statement in the trial record. Thus, because the Court of Appeals reviewed the trial court record, deferred to it for the factual findings, and applied the law de novo, it determined that the Plaintiff's criminal trial did not violate Criminal Rule 4(C).

## A SILENT RECORD MEANS AN ABSENCE OF A RECORD – NOT THE DEFENDANT'S SILENCE

Simply put, the law in Indiana is that when "the record is silent concerning the reason for a delay, the delay is not attributable to the defendant." *Schwartz v. State*, 708 N.E.2d 34, 37 (Ind. App. 1999). A more recent Indiana Court of Appeals decision examined what it means to have a "silent record:"

> In *Schwartz,* the defendant appeared in court on July 29, 1996, and a pretrial conference was scheduled for October 16, 1996, at which time his trial would be set. However, *the record did not show whether the pretrial conference was ever held*. Rather, the record revealed that nearly a year later, on September 3, 1997, the State asked the trial court to set the case for trial. The defendant moved for discharge, but the trial court denied it, stating "Based on what I can see the key to this is you didn't appear for the pretrial conference." *Id.* at 36. On appeal, this Court held that the trial court erred by denying the defendant's motion for discharge because "[t]he record is completely silent on whether a pretrial conference was ever held." *Id.* at 37. And where the record is silent concerning the reason for a delay, the delay is not attributable to the defendant. *Id.*

*Martin v. State*, 984 N.E.2d 1281, 1289–90 (Ind. App. 2013) (emphasis added). The Court continued, "Here, unlike *Schwartz,* the record is not silent concerning the reason for the delay. The CCS entries… provide…." *Id*. At which point the Court provided a description of the CCS entries reflecting the criminal defendant's actions. *Id.*

Whether or not a record is silent does not look to the objection or acquiescence of the criminal defendant – it looks to whether or not the record exists, at all, and what that record

4

contains. And this application of a silent criminal trial record makes sense. Again, trial courts look at "delays caused by *action[s]* taken by the defendant are chargeable to the defendant." *Cook*, 810 N.E.2d at 1067 (Ind. 2004) (emphasis added). A court cannot analyze who is responsible for delays if there is no record of the *action* that caused the delay. Here, the Plaintiff's actions in his criminal case, which were reflected in the record, showed that the delays are chargeable to him. It makes no difference whether or not the record reflects if the Plaintiff objected or requested the continuances himself. And, as noted, *supra*, such delays being attributable to a criminal defendant's actions are supported by precedent.

## CONCLUSION

This Court correctly noted that the Plaintiff failed to "demonstrate[] that the claim he was prevented from presenting to the Indiana Supreme Court was meritorious." [ECF 20, p. 5.] Plaintiff's theory is flawed. And, as such, absent a potentially meritorious legal claim, Plaintiff's access to courts claim cannot stand. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). For these reasons, the State Defendants respectfully request this Court deny Plaintiff's Motions to Reconsider.

    Respectfully Submitted,

    CURTIS T. HILL, JR.
    Indiana Attorney General
    Atty. No. 13999-20

Date: <u>August 6, 2019</u>    By:    Bryan R. Findley
    Deputy Attorney General
    Atty. No. 34447-30
    Indiana Government Center South – 5th Fl.
    302 W. Washington Street
    Indianapolis, IN  46204-2770
    Phone: (317) 232-6217
    Fax:  (317) 232-7979
    Email:  Bryan.Findley@atg.in.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have duly served upon the party of record listed below, by United States mail, first-class postage prepaid to:

Thomas R. Ganus
DOC # 111462
Indiana State Prison - ISO
201 Woodlawn Avenue
Michigan City, IN 46360

                                             Bryan R. Findley
                                             Deputy Attorney General

OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South – 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Telephone:     (317) 232-6217
Fax:              (317) 232-7979
Email:   Bryan.Findley@atg.in.gov