UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS R. GANUS,

Plaintiff,

v.                                                      CAUSE NO.: 3:18-CV-928-RLM-JEM

KIMBERLY CREASY, et al.,

Defendants.

<u>OPINION AND ORDER</u>

Thomas R. Ganus, a prisoner without a lawyer, filed a motion (ECF 30) seeking reconsideration of this court's screening order (ECF 20). He argues that this court should have granted him leave to proceed on his claim that Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, Corrections Lieutenant Pauline Williams, Law Library Supervisor Bessie Leonard, Law Library Supervisor Kimberly Creasy, and Law Library Supervisor Erin Jones denied him access to the courts by preventing him from presenting a meritorious claim to the Indiana Supreme Court.

Mr. Ganus alleges that he couldn't file a timely petition for transfer with the Indiana Supreme Court due to the actions of the defendants. As explained in this court's screening order, prisoners are entitled to meaningful access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. <u>Snyder v. Nolen</u>, 380 F.3d 279, 291 (7th Cir. 2004). The First Amendment right to petition and the Fourteenth

Amendment right to substantive due process protect the right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact. *Id.* (citations omitted). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, <u>Nance v. Vieregge</u>, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* didn't eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. <u>Marshall v. Knight</u>, 445 F.3d 965, 968 (7th Cir. 2006).

Because Mr. Ganus didn't allege facts that support an inference that the claim he was prevented from presenting to the Indiana Supreme Court was meritorious, he wasn't granted leave to proceed on his access to courts claim. The only issue that Mr. Ganus indicated he intended to raise in his petition for transfer was an argument that the Indiana trial court violated Indiana Criminal Rule 4(C), which guarantees a speedy trial. The rule provides, in relevant portion, that:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one

year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or whether there was not sufficient time to try him during such period because of congestion of the court calendar…

Ind. Crim. R. 4(C). In denying Mr. Ganus leave to proceed on this claim, this court noted the following:

> The Indiana Court of Appeals considered Mr. Ganus's argument and determined that 957 days passed between when Mr. Ganus was charged and when his trial commenced, but 602 of these days were chargeable to Mr. Ganus. The remaining time – 355 days – fell within the limit set by the rule, so the rule was complied with. See Ganus v. State, 96 N.E.3d 127 (Ind. Ct. App. 2018)(table). The Court of Appeals of Indiana explained the timeline in detail, and its analysis need not be repeated in full here. What is clear from the Court of Appeals's opinion is that Mr. Ganus repeatedly failed to appear in court with an attorney, resulting in multiple continuances, and that he failed to appear at all on one occasion. After he finally obtained an attorney (he didn't request a public defender), that attorney requested multiple continuances and, on one occasion, Mr. Ganus again failed to appear for court. Id. Mr. Ganus has offered no explanation of why he believes the calculations of the Court of Appeals are incorrect. Because he hasn't demonstrated that the claim he was prevented from presenting to the Indiana Supreme Court was meritorious, he can't proceed on an access to courts claim.

(ECF 20 at 5.)

Mr. Ganus explains in his motion for reconsideration that he "incorrectly assumed that this Court was aware of existing Supreme Court of Indiana case laws supporting his position to a *silent record* and its application thereof when alleging a *silent* record to the trial court's docket pertaining to his criminal case as alleged in his *Second Amended Complaint.*" (ECF 30 at 10.) In Indiana, "[w]here the record is silent concerning the reason for a delay, the delay is not attributable to the defendant." Schwartz v. State, 708 N.E.2d 34, 37 (Ind. Ct.

App. 1999). But this record isn't silent. The record contains entries that establish that multiple periods of delay were attributable to Mr. Ganus. Even in his motion to reconsider, Mr. Ganus hasn't tried to explain how the Indiana Court of Appeals erred in calculating the time that elapsed between his charge and criminal trial. In short, he has stated no basis for reconsidering this court's earlier ruling that he may not proceed on his access to courts claim.

For these reasons, the court DENIES Thomas R. Ganus' first motion for reconsideration (ECF 29) as inadvertently filed (ECF 30-1) and DENIES Thomas R. Ganus' second motion for reconsideration (ECF 30).

SO ORDERED on September 16, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT