UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS R. GANUS,

        Plaintiff,

        v.                                             CAUSE NO. 3:18-CV-928-RLM

KIMBERLY CREASY, et al.,

        Defendants.

OPINION AND ORDER

    Thomas R. Ganus, a prisoner without a lawyer, is proceeding in this case on one claim "against Kimberly Creasy and Erin Jones in their individual capacities for compensatory and punitive damages for retaliating against him by restricting law library access necessary to file a petition for transfer within the time allowed, in violation of the First Amendment[.]" ECF 20 at 8. Mr. Ganus alleges he filed complaints and grievances against the defendants for the denial of law library access, and that the defendants retaliated by denying Mr. Ganus the law library access he needed to file a petition for transfer in his state criminal case before a March 2, 2018, deadline. The defendants filed a motion for summary judgment. Mr. Ganus filed a motion in opposition to the summary judgment motion. The defendants filed a reply. The summary judgment motion is now fully briefed and ripe for ruling.

    Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

To prevail on his First Amendment retaliation claim, Mr. Ganus must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). To demonstrate the third element, Mr. Ganus must show, based on admissible evidence, "a causal link between the protected act and the alleged retaliation." Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008) (internal quotations omitted).

Both parties agree Mr. Ganus's allegations against the defendants are limited in time to February 7, 2018, to March 2, 2018, when his deadline expired to file a petition for transfer in his state criminal case. On February 7, 2018, Mr. Ganus received a letter from his attorney informing him the Indiana Court of Appeals had rejected his appeal and affirmed the trial court's decision in his state criminal case. Mr. Ganus' attorney also informed him he no longer was represented by an attorney, and he had the right to file a petition for transfer to the Indiana Supreme Court on or before March 2, 2018. Mr. Ganus brought the attorney letter to Ms. Creasy, the law library supervisor, and requested law library access to prepare his petition for transfer. Ms. Creasy didn't believe Mr. Ganus was entitled to be placed on a deadline schedule because the letter specifying the deadline wasn't signed by a judge and Mr. Ganus was still represented by an attorney. Ms. Jones took over as law library supervisor in mid-February 2018, and likewise didn't believe Mr. Ganus was entitled to be placed on a deadline schedule. As a result, Mr. Ganus was only given access to the law library on two or three occasions between February 7 and March 2, 2018, when his petition for transfer was due. *Id.* at 36. Mr. Ganus didn't file his petition for transfer by the March 2, 2018 deadline. Because neither party disputes these facts, the court accepts them as undisputed.

The defendants argue that Mr. Ganus's retaliation claim fails because he didn't engage in any protected First Amendment activity during the relevant timeframe: he didn't file any complaints or grievances against the defendants between February 7 and March 2, 2018. The defendants argue that Mr. Ganus only began filing

3

grievances after his March 2 deadline expired, so they couldn't have been retaliating against Mr. Ganus for conduct that hadn't yet occurred. The defendants submit copies of numerous informal and formal grievances Mr. Ganus filed against the defendants between March 9 and April 10, 2018.

In response, Mr. Ganus argues he did engage in protected First Amendment activity during the relevant time period, as he submitted informal offender grievances to the defendants and his case worker on February 12 and 20, 2018. He asserts that the defendants and his case worker all failed to respond to these informal grievances. Mr. Ganus argues the defendants continued to deny him access to the law library before his March 2 deadline in retaliation for his filing of these informal grievances.

Mr. Ganus's conduct of submitting complaints and grievances against the law library was protected First Amendment activity, but he hasn't provided evidence of a causal link between his protected First Amendment activity and the defendants' alleged retaliatory acts. *See* Woodruff v. Mason, 542 F.3d at 551. It's undisputed Mr. Ganus was given access to the law library on two or three occasions between February 7 and March 2. To the extent the defendants denied Mr. Ganus access to the law library during this time, there's no indication they did so in retaliation for his filing of grievances. Mr. Ganus provides no evidence that the defendants received or had knowledge of any grievance before the March 2 deadline. The defendants submit evidence showing Mr. Ganus began submitting grievances after the March 2 deadline passed. Mr. Ganus asserts he submitted informal grievances on February 12 and

4

February 20, but he hasn't provided copies of these grievances in discovery and provides no evidence the defendants ever received or knew about these grievances.

Mr. Ganus provides an affidavit from Timothy Henson, another inmate at Indiana State Prison, who attests he personally assisted Mr. Ganus in filing several informal grievances against the defendants in February and March 2018. But Mr. Henson's attestation doesn't specify where or when these grievances were submitted or show that either defendant had knowledge of any grievance before March 2. Mr. Henson also attests that, sometime "in the months of February 2018 and March 2018," he overheard Ms. Jones state "she was no longer scheduling Offender Ganus to attend the law library due to filing written complaints and offender grievances." ECF 107-3 at 6-7. To the extent this testimony is admissible, Mr. Henson doesn't specify when Ms. Jones allegedly made this statement, and this testimony on its own is insufficient to survive summary judgment in the absence of any evidence Ms. Jones had knowledge of a specific grievance or complaint filed by Mr. Ganus.

Because there is no evidence either defendant had knowledge of Mr. Ganus's protected First Amendment activity before March 2, 2018, no reasonable jury could conclude the protected activity was "at least a motivating factor" in the defendants' alleged decision to deny Mr. Ganus law library access between February 7 and March 2, 2018.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 100);

(2) DENIES Thomas R. Ganus' motion in opposition to the summary judgment motion (ECF 107); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Thomas R. Ganus.

SO ORDERED on November 22, 2021

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT