UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS R. GANUS,

            Plaintiff,

                v.

KIMBERLY CREASY, et al.,

            Defendants.

CAUSE NO. 3:18-CV-928-RLM

OPINION AND ORDER

Thomas R. Ganus, a prisoner without a lawyer, moves the court for reconsideration of the court's order granting summary judgment for the defendants. The court granted summary judgment on Mr. Ganus's First Amendment retaliation claim after concluding Mr. Ganus didn't provide enough evidence of a causal link between his protected First Amendment activity and the defendants' alleged retaliatory acts. The court concluded no reasonable jury could find Mr. Ganus's filing of grievances was a motivating factor in the defendants' alleged decision to deny him law library access between February 7 and March 2, 2018, because there was no evidence the defendants received or knew of any grievance before March 2..

Mr. Ganus's motion for reconsideration makes several arguments. First, Mr. Ganus argues the court erroneously concluded there was no evidence establishing the defendants knew about any grievance before the March 2 deadline. Mr. Ganus says the court overlooked his argument that he submitted informal grievances to his caseworker and to the defendants on February 12 and February 20. But the court

expressly considered and rejected this argument in its order, concluding Mr. Ganus hadn't provided copies of these grievances or any evidence that the defendants received them. *See* ECF 109 at 4-5; <u>Ahmed v. Ashcroft</u>, 388 F.3d 247, 249 (7th Cir. 2004) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments"). Mr. Ganus also argues that the court overlooked Timothy Henson's declaration that he personally witnessed Mr. Ganus submit informal grievances during the relevant timeframe. ECF 111 at 3-6, 8-12. But again, the court considered Mr. Henson's affidavit and concluded it didn't prove these defendants knew of any grievance before March 2. *See* ECF 109 at 5. Next, Mr. Ganus argues he has "newly discovered evidence" in the form of a statement from his caseworker (ECF 111 at 6), but this evidence isn't newly discovered; it was included with Mr. Ganus' response to the summary judgment motion. *See* ECF 107-3 at 17; ECF 111-1 at 1; *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (holding that newly discovered evidence must be evidence that was not previously available). Lastly, Mr. Ganus argues he exhausted his administrative remedies before filing this lawsuit (ECF 111 at 6-8), but the court made no ruling regarding whether Mr. Ganus exhausted his administrative remedies.

Accordingly, Mr. Ganus hasn't made any argument that warrants reconsideration of this court's order granting summary judgment. For these reasons, the court DENIES the motion to reconsider (ECF 111).

3

SO ORDERED on April 12, 2023

/s/ Robert L. Miller, Jr.

JUDGE
UNITED STATES DISTRICT COURT